## James Bruce Thornberry and Laura Anne Thornberry, Petitioners *v*. Commissioner of Internal Revenue, Respondent

Docket No. 580–10L.      Filed April 19, 2011.

The IRS issued notices of intent to levy and notices of Federal tax lien filing to Ps for unpaid income taxes assessed for 2000, 2001, and 2002 and a civil penalty under sec. 6702, I.R.C., assessed for 2007. Ps timely requested an administrative hearing under secs. 6320 and 6330, I.R.C. Ps set forth the grounds for their request in an attachment they downloaded from the Internet. The IRS Office of Appeals (Appeals Office) sent letters to Ps stating that the Appeals Office had determined Ps' request for a hearing consisted of frivolous positions that meet the requirements of sec. 6702(b)(2)(A)(i) and (ii), I.R.C., and, therefore, the Appeals Office was disregarding the request. The letters stated that the Appeals Office was returning Ps' request to the IRS collection office and that "Collection may proceed with collection action as if the hearing request was never submitted." *Held*: The statements in the Appeals Office letters that the IRS collection office could proceed with collection action are determinations for purposes of sec. 6330(d)(1), I.R.C. *Held*, *further*, sec. 6330(g), I.R.C., denies further administrative or judicial review of the portions of a request for an administrative hearing under sec. 6320 or 6330, I.R.C., that the Appeals Office determined are frivolous but it does not deny judicial review of that determination. *Held*, *further*, this Court has jurisdiction to review the determination under sec. 6330(g), I.R.C., issued to petitioners in response to their timely request for a hearing pursuant to secs. 6320 and 6330, I.R.C. *Held*, *further*, respondent's motion to dismiss for lack of jurisdiction will be denied.

James Bruce Thornberry and Laura Anne Thornberry, pro se.

*James R. Bamberg*, for respondent.

356

OPINION

DAWSON, *Judge*: This collection case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the Internal Revenue Service (IRS) Office of Appeals (the Appeals Office) did not issue petitioners a notice of determination pursuant to section 6320 or 6330.[1] Respondent contends that the Appeals Office determined that petitioners' requests for an administrative hearing in their entirety met the requirements of section 6702(b)(2)(A)(i) or (ii) and, pursuant to section 6330(g), treated the requests as if they were never submitted. Respondent further contends that a determination under section 6330(g) is not subject to any review by this Court.

## *Background*

The IRS sent petitioners Notices of Intent to Levy and Notice of Your Right to a Hearing (levy notices) regarding petitioners' unpaid Federal income tax liabilities for 2000, 2001, and 2002 and an unpaid section 6702 penalty assessed against Mr. Thornberry for 2007. Shortly thereafter, the IRS issued to petitioners Notices of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notices) informing them that notices of Federal tax lien had been filed for their unpaid Federal income tax liabilities for 2000, 2001, and 2002 and for the unpaid section 6702 penalty assessed for 2007.

Petitioners timely sent to the Appeals Office Forms 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a hearing regarding the lien notices and levy notices for petitioners' unpaid Federal income tax liabilities for 2000, 2001, and 2002 and Mr. Thornberry's unpaid section 6702 penalty for 2007. Petitioners checked almost every box on the Forms 12153, with a statement "SEE ATTACHED PAGES". Petitioners thereby indicated that they (1) requested an installment agreement or an offer-in-compromise as a collection alternative, (2) requested subordination, discharge, or withdrawal of the lien, and (3) indicated that other grounds for disagreement with the filing of the lien notices and levy notices were set forth in the attachments to the

---

[1] Section references are to the Internal Revenue Code.

forms. Petitioners had obtained the attachment from the Web site of an organization with a history of promoting frivolous arguments and activities that delay or impede the administration of the Federal tax laws. Each attachment lists 23 boilerplate items of which, 21 were checked and 2 were unchecked. The list was printed from the Web site that way; i.e., the 21 items were not checked by petitioners. By the checked items, petitioners, inter alia, (1) purported to assert that collection action would place an undue hardship on them and they requested collection alternatives; (2) purported to assert that they qualified for subordination and requested that the notice of lien be withdrawn; and (3) purported not to have received notices of deficiency for the assessed income taxes or the section 6702 penalty and had not otherwise had an opportunity to contest the tax liabilities and requested reconsideration of the income tax deficiencies and the section 6702 penalty. The checked items also purported to withdraw any constitutional, moral, political, religious, or conscientious arguments that petitioners might previously have made and withdrew any legal positions that are classified and published by the IRS as frivolous or groundless, including any arguments that the courts have determined are frivolous or groundless.

A settlement officer in the Appeals Office sent petitioners a boilerplate Letter 4380, Appeals Received Your Request for a Collection Due Process and/or Equivalent Hearing, addressing statements in their requests for a hearing related to unpaid Federal income tax liabilities for 2000, 2001, and 2002 and the section 6702 penalty for 2007 (the SO Letter 4380). The settlement officer stated that he had reviewed petitioners' requests for a hearing and determined that their disagreement was either (1) a specified frivolous position identified by the IRS in Notice 2008–14, 2008–1 C.B. 310, or (2) a frivolous reason not specified in Notice 2008–14, *supra*, but reflecting a desire to delay or impede Federal tax administration, or (3) a moral, religious, political, constitutional, conscientious, or similar objection reflecting a desire to delay or impede Federal tax administration (collectively, the frivolous issues). The settlement officer did not specify which statements or individual grounds listed in petitioners' requests or the attachments thereto were frivolous issues or otherwise identify anything in the request, the attachment,

petitioners' administrative file, or petitioners' conduct that reflected a desire to delay or impede Federal tax administration. The SO Letter 4380 informed petitioners that they could amend their hearing requests by withdrawing the frivolous issues and raising any legitimate issues. The SO Letter 4380 stated that legitimate issues include:

• Collection alternatives to levy such as full payment of the liability, installment agreement, or offer-in-compromise. Although they may not necessarily be considered an "alternative" to a notice of lien filing, these collection options may also be discussed at a lien hearing.

• Challenges to the appropriateness of collection action. If this is a lien hearing, you may ask us to determine if the notice of lien filing was appropriate and if you qualify for a lien withdrawal or other lien options, such as subordination.

• Spousal defenses, when applicable.

• Liability challenges, i.e., whether you owe the amount due, but only if you did not receive a statutory notice of deficiency or have not otherwise had an opportunity to dispute your liability with Appeals.

The settlement officer requested that, within 30 days of the date of the SO Letter 4380, petitioners either (1) amend their requests in writing to state a legitimate issue and withdraw the frivolous issues or (2) withdraw their entire hearing requests. He informed petitioners that, if they submitted a legitimate reason for their dispute, he would send a conference letter scheduling their hearing, in which case he would need (1) a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals (collection information statement), with proof of income and expenses and (2) their Federal income tax returns for 2006 and 2007.

The settlement officer warned petitioners that if they did not withdraw the frivolous issues and submit legitimate ones, he would disregard their hearing requests and return their case to the IRS collection office that had referred it to Appeals and the IRS could impose a $5,000 penalty pursuant to section 6702(b). Finally, the settlement officer advised petitioners that "if Appeals disregards your CDP hearing, you will not be able to file with the Tax Court for a judicial review of our disregard determination."

Petitioners responded to the SO Letter 4380 in a letter in which they asserted that they had raised legitimate issues,

none of which were frivolous, and stated that they did not withdraw any of their numerous grounds for requesting a hearing.

A team manager in the Appeals Office sent petitioners two boilerplate letters titled "Appeals is disregarding your request for a Collection Due Process and/or Equivalent Hearing" (collectively, the determination letters). The first, dated December 7, 2009, addressed petitioners' request for a hearing regarding the unpaid Federal income tax liabilities for 2000, 2001, and 2002. The second, dated December 17, 2009, addressed the hearing request regarding the section 6702 penalty for 2007 and was in all other respects identical to the December 7 letter.

The determination letters stated that petitioners did not respond to the SO Letter 4380 with a legitimate reason or withdraw the frivolous issues within the specified timeframe. The determination letters again listed the legitimate issues that could be raised in a hearing that were previously set forth in the SO Letter 4380. The determination letters informed petitioners that, under the authority of section 6330(g), the Appeals Office was disregarding their request for an administrative hearing because it had determined that their disagreement is:

- a "specified frivolous position", identified by the IRS in Notice 2008–14 (for Notice 2008–14, refer to the IRS Internet website at http://www.irs.gov/newsroom/article/0..id=177519,00.html); or

- a reason that is not a "specified frivolous position," but is a frivolous reason reflecting a desire to delay or impede federal tax administration; or

- a moral, religious, political, constitutional, conscientious, or similar objection to the imposition or payment of federal taxes that reflects a desire to delay or impede the administration of federal tax laws.

The determination letters stated that the Appeals Office was returning petitioners' requests to the IRS collection office and that "Collection may proceed with collection action as if the hearing request was never submitted." The determination letters did not specify which statements or individual grounds listed in petitioners' requests or the attachments thereto were frivolous issues or otherwise identify anything in the request, the attachment, or petitioners' administrative file or conduct that reflected a desire to delay or impede Federal tax administration.

Petitioners timely filed their petition under section 6330(d)(1) seeking review of the determination that the IRS collection office could proceed with collection. They assert that they were denied a proper hearing under section 6330. Petitioners resided in Florida when they filed their petition.

Respondent filed the motion to dismiss for lack of jurisdiction on the ground that the Appeals Office has made no determination concerning collection action or any other determination that would confer jurisdiction on this Court with respect to petitioners' taxable years 2000, 2001, 2002, and 2007. Respondent contends that the Appeals Office determined that all of petitioners' requests for an administrative hearing met the requirements of section 6702(b)(2)(A)(i) or (ii) and, pursuant to section 6330(g), treated the requests as if they were never submitted. Respondent further contends that a determination under section 6330(g) is not subject to any review by this Court.

## *Discussion*

### I. *Collection Procedures Generally*

Section 6321 imposes a lien in favor of the United States upon all property and rights to property belonging to a person who is liable for Federal taxes and neglects or refuses to pay them after demand for payment has been made. If a taxpayer liable for Federal taxes fails to pay the taxes within 10 days after notice and demand, the Secretary may collect the tax by levy on the taxpayer's property. Sec. 6331.

Section 6320(a)(1) requires the Secretary to give a taxpayer written notice that a tax lien has been filed upon that taxpayer's property (lien notice). Section 6330(a)(1) requires the Secretary to give a taxpayer written notice that the Commissioner intends to levy upon the taxpayer's property (levy notice). The notices must inform the taxpayer of the right to request a hearing in the Appeals Office (the administrative hearing). Secs. 6320(a)(3)(B), (b)(1), 6330(a)(3)(B), (b)(1).

The taxpayer must make a timely request for an administrative hearing in response to a lien or levy notice, stating the grounds for the requested hearing. Secs. 6320(a)(3)(B), (b)(1), 6330(a)(3)(B), (b)(1). Upon request, the taxpayer is entitled to a fair hearing conducted by an impartial officer

from the Appeals Office. Secs. 6320(b), 6330(b); *Mason v. Commissioner*, 132 T.C. 301, 315 (2009).

During the administrative hearing the Appeals officer is required by statute to verify that the requirements of any applicable law or administrative procedure have been met, sec. 6330(c)(1), (3), and must do so regardless of whether the taxpayer raised it at the hearing, *Hoyle v. Commissioner*, 131 T.C. 197, 200–203 (2008). During the administrative hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may raise challenges to the existence or amount of the underlying tax liability if he/she did not receive a notice of deficiency for that liability or did not otherwise have an opportunity to dispute it. Sec. 6330(c)(2)(B).

However, the taxpayer may not raise an issue that meets either of the requirements of section 6702(b)(2)(A)(i) or (ii); i.e., is based on a position which the Secretary has identified as frivolous under section 6702(c) or reflects a desire to delay or impede the administration of Federal tax laws. Sec. 6330(c)(4)(B). If the Appeals officer determines that any portion of the taxpayer's request for a hearing meets a section 6702(b)(2)(A)(i) or (ii) requirement, he may treat that portion as if it were never submitted. Sec. 6330(g).

After the administrative hearing is completed, the Appeals Office issues a written notice of determination indicating whether the notice of Federal tax lien should remain and/or whether the proposed levy may proceed. Sec. 6330(c)(3); secs. 301.6320–1(e)(3), Q&A–E8, 301.6330–1(e)(3), Q&A–E8, Proced. & Admin. Regs. The Appeals officer must base his determination on the verification that all legal and procedural requirements have been followed, the issues properly raised by the taxpayer had been addressed, and whether any proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

The taxpayer may, within 30 days of a determination made by the Appeals Office under section 6330, appeal that determination to the Tax Court, and the Court will have jurisdic-

tion with respect to the matter. Sec. 6330(d)(1); sec. 301.6330–1(f)(1), Proced. & Admin. Regs.

Where the validity of the underlying tax liability is at issue in a collection review proceeding, the Court will review that issue de novo. *Hoyle v. Commissioner*, *supra*; *Davis v. Commissioner*, 115 T.C. 35, 39 (2000). Generally, we review other issues regarding the collection action determined by the Appeals Office for abuse of discretion. *Goza v. Commissioner*, 114 T.C. 176 (2000). However, section 6330(g) provides the following limitation on the scope of the Court's review:

Notwithstanding any other provision of this section, if the Secretary determines that any portion of a request for a hearing under this section or section 6320 meets the requirement of clause (i) or (ii) of section 6702(b)(2)(A), then the Secretary may treat such portion as if it were never submitted and *such portion shall not be subject to any further administrative or judicial review*. [Emphasis added.]

Thus, pursuant to section 6330(g), if the Appeals Office determined that a portion of the taxpayer's request for the hearing is based on a position identified by the Secretary as frivolous under section 6702(c) or reflects a desire to delay or impede the administration of Federal tax laws and treated that portion as if it were never submitted, the Court may not review that portion of the request.

## II. *Jurisdiction*

Respondent contends that the Court must dismiss this case for lack of jurisdiction on the ground respondent has made no determination concerning collection action or any other determination that would confer jurisdiction on this Court with respect to petitioners' taxable years 2000, 2001, 2002, and 2007. Respondent also contends that the determination letters, titled "Appeals is disregarding your request for a Collection Due Process and/or Equivalent Hearing", are not determinations that would confer jurisdiction on this Court.

Our jurisdiction under section 6330(d)(1) depends upon the issuance of a valid notice of determination and a timely petition for review. *Sarrell v. Commissioner*, 117 T.C. 122, 125 (2001); *Offiler v. Commissioner*, 114 T.C. 492, 498 (2000); *Goza v. Commissioner*, *supra* at 182. When the Appeals Office has issued a decision letter to the taxpayer in response

to a timely request for a hearing, the "decision" regarding the collection action reflected in the decision letter may be a "determination" for purposes of section 6330(d)(1). *Craig v. Commissioner*, 119 T.C. 252, 259 (2002); *Lunsford v. Commissioner*, 117 T.C. 159, 164 (2001). The name or label of a document does not control whether the document constitutes a determination, and a written notice to proceed with the collection action may constitute a determination conferring jurisdiction on this Court under section 6330(d)(1). *Lunsford v. Commissioner*, *supra* at 164; see also *Craig v. Commissioner*, *supra* at 259 (a form decision letter issued after an "equivalent hearing" constituted a determination conferring jurisdiction under section 6330(d)(1)).

Petitioners timely requested a hearing in response to the lien notices and the levy notices pursuant to sections 6320(a)(3)(B) and 6330(a)(3)(B), and the Appeals Office issued the determination letters to petitioners in response to their requests for a hearing. The Appeals Office stated in those letters that "Collection may proceed with the collection action"; i.e., the IRS collection office could proceed with the proposed levy to collect petitioners' unpaid Federal income taxes for 2000, 2001, and 2002 and the section 6702 penalty for 2007 and the notice of Federal tax lien should remain for those unpaid liabilities.

The fact that determination letters were titled "Appeals is disregarding your request for a Collection Due Process and/or Equivalent Hearing", rather than "Notice of Determination", does not negate the fact that petitioners received a "determination" within the meaning of section 6330(d)(1). The different names assigned to the documents are merely a distinction without a difference when it involves our jurisdiction to review the determination after a hearing was timely requested. *Craig v. Commissioner*, *supra* at 258.

Respondent asserts that the Appeals Office determined that petitioners' entire request for an administrative hearing met the requirements of section 6702(b)(2)(A)(i) or (ii) and, pursuant to section 6330(g), treated the request as if it were never submitted. Essentially, respondent's position is that because the Appeals Office treated petitioners' request in toto as if it were never submitted, the determination to proceed with collection was not in response to a request for an administrative hearing. Respondent asserts that the Appeals

Office's determination regarding petitioners' request is not subject to any judicial review by this Court pursuant to section 6330(g).

We have jurisdiction to determine whether we have jurisdiction. *Cooper v. Commissioner*, 135 T.C. 70 (2010); *Hambrick v. Commissioner*, 118 T.C. 348 (2002); *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984).

Section 6330 was amended to add subsection (g) and subsection (c)(4)(B) by the Tax Relief and Health Care Act of 2006, Pub. L. 109–432, div. A, sec. 407, 120 Stat. 2960, in conjunction with the amendment of section 6702 to increase the penalty for filing frivolous returns from $500 to $5,000 and to impose a new $5,000 penalty on specified frivolous submissions. The legislative history, S. Rept. 109–336, at 49–50 (2006), explains:

### PRESENT LAW

The Code provides that an individual who files a frivolous income tax return is subject to a penalty of $500 imposed by the IRS.[58] The Code also permits the Tax Court[59] to impose a penalty of up to $25,000 if a taxpayer has instituted or maintained proceedings primarily for delay or if the taxpayer's position in a proceeding is frivolous or groundless.[60]

### REASONS FOR CHANGE

The Committee believes that frivolous returns and submissions consume resources at the IRS and in the courts that can better be utilized in resolving legitimate disputes with taxpayers. Expanding the scope of the penalty to cover all taxpayers and tax returns promotes fairness in the tax system. The Committee believes that adopting this provision will improve effective tax administration.

### EXPLANATION OF PROVISION

The provision modifies the penalty on frivolous returns by increasing the amount of the penalty to up to $5,000 and by applying it to all taxpayers and to all types of Federal taxes.

The provision also modifies present law with respect to certain submissions that raise frivolous arguments or that are intended to delay or impede tax administration. The submissions to which the provision applies are requests for a collection due process hearing, installment agreements, offers-in-compromise, and taxpayer assistance orders. First, the provision permits the IRS to disregard such requests. Second, the provision permits the IRS to impose a penalty of up to $5,000 for such requests, unless the taxpayer withdraws the request after being given an opportunity to do so.

The provision requires the IRS to publish a list of positions, arguments, requests, and submissions determined to be frivolous for purposes of these provisions.

### EFFECTIVE DATE

The provision applies to submissions made and issues raised after the date on which the Secretary first prescribes the required list of frivolous positions.

[58] Sec. 6702.

[59] Because the Tax Court is the only pre-payment forum available to taxpayers, it addresses most of the frivolous, groundless, or dilatory arguments raised in tax cases.

[60] Sec. 6673(a).

Section 6702(b) imposes a $5,000 penalty on any person who submits a "specified submission" that constitutes a "specified frivolous submission". Specified submissions include requests for an administrative hearing under sections 6320 and 6330 and applications for an installment agreement under section 6159, an offer-in-compromise under section 7122, or a taxpayer assistance order under section 7811. Sec. 6702(b)(2)(B). A specified submission is a "specified frivolous submission" if any portion of the submission (i) is based on a position which the Secretary has identified as frivolous under section 6702(c) or (ii) reflects a desire to delay or impede the administration of Federal tax laws. Sec. 6702(b)(2)(A). Section 6702(c) requires the Secretary to prescribe and periodically revise a list of positions which the Secretary has identified as being frivolous for purposes of section 6702(c).

Section 6702(b)(3) provides a taxpayer who has submitted a specified frivolous submission the opportunity to avoid the imposition of the $5,000 penalty by withdrawing the submission within 30 days after the Secretary provides the taxpayer with notice that the submission is a specified frivolous submission. If the request is not withdrawn, the IRS will assess the penalty imposed by section 6702(b) and may do so without issuing a statutory notice of deficiency. Sec. 6703(b). Because the taxpayer does not receive a statutory notice of deficiency before a penalty under section 6702(b) is assessed, the taxpayer may challenge his liability for the penalty in an

administrative hearing under section 6320 or 6330.[2] *Callahan v. Commissioner*, 130 T.C. 44, 49–50 (2008). In any proceeding involving the issue of whether any person is liable for a penalty under section 6702, the Secretary has the burden of proof with respect to that issue. Sec. 6703(a).

Sections 6702(b) and 6330(g) were enacted together and should be interpreted and applied in pari materia. See *Espinosa v. Commissioner*, 107 T.C. 146, 152–153 (1996). Section 6703(a) provides that in any proceeding involving the issue of whether any person is liable for a penalty under section 6702, the Secretary has the burden of proof with respect to that issue. In such a proceeding, the Secretary has the burden of proving that a portion of the submission is based on a position identified by the Secretary as frivolous under section 6702(c) or reflects a desire to delay or impede the administration of Federal tax laws. Section 6703(a) clearly contemplates judicial review of a determination by the Appeals Office that a specified submission, including a request for an administrative hearing under sections 6320 and 6330, is a specified frivolous submission. Consequently, while section 6330(g) prohibits judicial review of the *portion* of a request for an administrative hearing that the Appeals Office determined is based on an identified frivolous position or reflects a desire to delay, it does not prohibit judicial review of that *determination* by the Appeals Office.

If the Appeals Office determines that a portion of the taxpayer's request for an administrative hearing is based on a position identified by the Secretary as frivolous under section 6702(c) or reflects a desire to delay or impede the administration of Federal tax laws and issues a notice of determination to proceed with collection and the taxpayer timely petitions for review, we have jurisdiction under section 6330(d)(1) to review the determination. If we sustain that determination, we may not further review the frivolous portion of the taxpayer's request.

Thus, we have jurisdiction in this case to decide whether the Appeals Office determined that all portions of petitioners' requests for an administrative hearing meet the require-

---

[2] Alternatively, a taxpayer who has paid all or a requisite portion of the penalty may challenge it in a refund suit.

ments of clause (i) or (ii) of section 6702(b)(2)(A) and properly treated the entire request as if it were never submitted.

Section 6330(g) permits the Secretary to treat only that portion of a request for an administrative hearing that is based on a position which the Secretary has identified as frivolous under section 6702(c)[3] or reflects a desire to delay or impede the administration of Federal tax laws as if it had not been submitted.

Effective for petitioners' request for an administrative hearing, the list of positions the Secretary has identified as frivolous for purposes of section 6702(c) is published in Notice 2008–14, *supra*.[4] In addition to the Secretary's list of frivolous positions, Notice 2008–14, 2008–1 C.B. at 313, states:

> Returns or submissions that contain positions not listed above, which on their face have no basis for validity in existing law, or which have been deemed frivolous in a published opinion of the United States Tax Court or other court of competent jurisdiction, may be determined to reflect a desire to delay or impede the administration of Federal tax laws and thereby subject to the $5,000 penalty.

Section 6330(g) requires that before the Appeals Office may treat a portion of the request as if it had not been submitted, an Appeals officer must make a specific determination that a portion of a taxpayer's request for a hearing either is based on a position listed in Notice 2008–14, *supra*, or reflects a desire to delay or impede the administration of Federal tax laws. If the Appeals officer makes such a determination, it will notify the taxpayer of the specific determination; and judicial review of the portion of the request specifically determined to be frivolous or reflecting a desire to delay or impede the administration of Federal tax laws will be prohibited.

If a taxpayer submits a request for an administrative hearing pursuant to section 6320 or 6330 and the Appeals

---

[3] The importance of the Secretary's identifying the frivolous positions and publishing the list of those positions cannot be overstated. Indeed, Congress specifically delayed the effective date of secs. 6702(b) and 6330(g) until after the date on which the Secretary first prescribed the required list of frivolous positions.

[4] The Secretary first published the list on Mar. 16, 2007, in Notice 2007–30, 2007–1 C.B. 883, effective for submissions made between Mar. 16, 2007, and Jan. 14, 2008. In accordance with sec. 6702(c), the Secretary revised the list in Notice 2008–14, 2008–1 C.B. 310, effective for submissions made between Jan. 15, 2008, and Apr. 7, 2010, and again in Notice 2010–33, 2010–17 I.R.B. 609, effective for submissions made after Apr. 7, 2010. Notice 2008–14, *supra*, was in effect when petitioners submitted their requests for an administrative hearing.

Office determines that a portion of the request is based on a position identified by the Secretary as frivolous under section 6702(c) or reflects a desire to delay or impede the administration of Federal tax laws, the Appeals Office must notify the taxpayer of that determination before assessing the $5,000 penalty imposed by section 6702(b). The taxpayer may then avoid the penalty by withdrawing the frivolous or desire-to-delay portion of the request. The ability to withdraw the offending portion of a request for an administrative hearing under section 6320 or 6330 is crucial because the request must be timely. Thus, the notification should provide enough information to allow the taxpayer to identify the portion or portions of the request that need to be withdrawn.

A taxpayer who is notified that a portion of the request is based on a position identified by the Secretary as frivolous under section 6702(c) can easily identify the offending portion by reference to the Secretary's published list. However, a taxpayer who is notified that an unspecified portion of the request, while not based on a published frivolous position, reflects a desire to delay or impede the administration of Federal tax laws may not be able to identify and withdraw that portion without further explanation.

Here the parties' use of boilerplate forms has undermined the purposes of sections 6330(g) and 6702(b). Petitioners were required to set forth their grounds for the issues they wished to raise at their administrative hearing. Instead, they attached a prechecked laundry list of items they obtained from the Web site of an organization known to promote frivolous arguments and activities that delay or impede the administration of Federal tax laws. While some items may apply to petitioners' case, many do not, and some read as gibberish.

On the other hand, the settlement officer was required to make a specific determination that portions of petitioners' requests for a hearing either are based on positions listed in Notice 2008–14, *supra*, or reflect a desire to delay or impede the administration of Federal tax laws. The boilerplate determination letters sent to petitioners stated that the Appeals Office had determined that petitioners' disagreement was:

- a "specified frivolous position", identified by the IRS in Notice 2008–14 (for Notice 2008–14, refer to the IRS Internet website at http://www.irs.gov/newsroom/article/0..id=177519,00.html); or

- a reason that is not a "specified frivolous position," but is a frivolous reason reflecting a desire to delay or impede federal tax administration; or

- a moral, religious, political, constitutional, conscientious, or similar objection to the imposition or payment of federal taxes that reflects a desire to delay or impede the administration of federal tax laws.

However, petitioners did not raise in their requests any "specified frivolous position" identified by the IRS in Notice 2008–14, *supra*, nor did they raise any moral, religious, political, constitutional, conscientious, or similar objection. Indeed, the attachments stated that petitioners specifically withdrew any constitutional, moral, political, religious, or conscientious arguments that they may have previously made and any legal positions that are classified and published by the IRS as frivolous or groundless, including any arguments that the courts have determined are frivolous or groundless.

Moreover, petitioners raised issues in their requests similar to those that the determination letters specified were legitimate issues that could be raised. The legitimate issues included collection alternatives to levy, including an installment agreement or an offer-in-compromise. Petitioners requested an installment agreement and an offer-in-compromise as collection alternatives on page 2 of their requests and in the attachments to the requests. They agreed to provide the requested financial information and to obey the tax laws.

The legitimate issues also included challenges to the appropriateness of collection action. Petitioners asserted that collection action was inappropriate and that collection would be intrusive and place an undue hardship on them. The determination letters stated that in a lien hearing legitimate issues included requests that the settlement officer determine whether the notice of lien filing was appropriate and whether petitioners qualified for a lien withdrawal or other lien options, such as subordination. In the attachments, petitioners requested that the notice of lien be withdrawn and asserted they qualified for subordination.

The determination letters specified that legitimate issues also included challenges to the underlying tax liability, but

only if petitioners had not received a statutory notice of deficiency or otherwise had an opportunity to dispute their liabilities with Appeals. In the attachment, petitioners stated that they did not receive a notice of deficiency, that they had not otherwise had an opportunity to contest the liabilities, and that they wanted to do so in a "CDP hearing". They requested a reconsideration of the deficiency and agreed to furnish completed forms and file what the law requires.

Petitioners stated in the attachments that they had not received a notice of deficiency for the assessment of the section 6702 penalty. They asserted that they had not otherwise had an opportunity to contest the liabilities and that they wanted to do so in a "CDP hearing". As we previously observed, deficiency procedures do not apply to the section 6702 penalty. Sec. 6703(b); see sec. 6330(c)(2)(B). Because no notice of deficiency was sent with respect to the section 6702 penalty, Mr. Thornberry was entitled to contest the assessed penalty at a hearing. See, e.g., *Blaga v. Commissioner*, T.C. Memo. 2010–170; *Rice v. Commissioner*, T.C. Memo. 2009–169. Consequently, he could properly assert that ground in his request for a hearing.

The determination letters do not specifically identify any statement in petitioners' requests or any paragraph in the attachment that reflects a desire to delay or impede Federal tax administration. The determination letters do not explain the basis upon which the Appeals Office determined that petitioners' requests reflect a desire to delay or impede Federal tax administration. We think that it was improper for the Appeals Office to treat those portions of petitioners' requests that set forth issues identified as legitimate in the determination letters as if they were never submitted without explaining how the requests reflect a desire to delay or impede Federal tax administration.

Respondent argues that the Appeals Office properly disregarded petitioners' requests because petitioners obtained the attachment from the Web site of an organization that advocates tax avoidance activities as well as the frustration and delay of the IRS' efforts to collect taxes. However, neither the SO Letter 4380 nor the determination letters make any reference to the source of the attachments to petitioners' requests, nor do they inform petitioners of the reason the

attachment reflects an intent merely to delay the collection of the tax.

We think some of the grounds set forth in the attachments apply to petitioners and fall within the legitimate reasons set forth in the SO Letter 4380; e.g., petitioners properly may raise challenges to the section 6702 penalty, which was assessed without the issuance of a notice of deficiency. On its face the SO Letter 4380 was contradictory and did not identify the portions of the request that needed to be withdrawn. The letter did not advise petitioners to withdraw those portions of the request that did not apply to their case; e.g., that the notice of filing of the notice of tax lien was not sent within 5 days of filing the notice of tax lien. The SO Letter 4380 did not explain why the otherwise legitimate reasons did not apply in petitioners' case; e.g., whether the settlement officer verified that notices of deficiency were properly mailed to petitioners' last known address and were not returned undelivered to the IRS.

We are unable to ascertain from the SO Letter 4380 and the determination letters the basis for the settlement officer's determination that petitioners' requests for an administrative hearing to contest the lien notices and the levy to collect their unpaid income taxes reflect an intent or a desire to delay or impede the administration of Federal tax laws.

## Conclusion

The delay in resolving this case has been caused by both parties' using boilerplate "one size fits all" forms. Thus, in these circumstances, this Court has jurisdiction, and respondent's motion to dismiss for lack of jurisdiction will be denied. For the reasons stated herein, we conclude that the settlement officer could not treat petitioners' entire request as if it were never submitted. Section 6330(g) requires the Appeals Office to determine the specific portions of petitioners' request for a hearing that are regarded as frivolous or reflect a desire to delay or impede the administration of Federal tax laws, leaving for hearing only the legitimate and bona fide issues petitioners raised. The Appeals Office has not yet done this. Petitioners, on the other hand, have set forth in their administrative hearing request a litany of recitations lifted from an Internet Web site, many of which

tend to show an attempt to delay or impede the administration of Federal tax laws. We have in this Opinion notified petitioners that merely attaching a list downloaded from the Internet that includes grounds that clearly do not apply to their case without identifying specific issues and grounds relevant to their hearing request does not satisfy the requirements of sections 6320(b)(1) and 6330(b)(1). Accordingly, the Court will require petitioners to identify the specific issues and the grounds they wish to raise before taking further action in this case.

To reflect the foregoing,

*An appropriate order will be issued.*