DANIEL RICHARD BUCZEK, PETITIONER *v*. COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 8512–14L.      Filed October 6, 2014.

P timely filed a Form 12153, Request for a Collection Due
Process or Equivalent Hearing, with attachments, in response
to a final notice of intent to levy to collect P's unpaid income
tax liability for 2009. P did not raise any issues specified in

I.R.C. sec. 6330(c)(2) or make any allegations that reasonably indicated he was raising such an issue. The Appeals Office sent P a letter stating that, pursuant to I.R.C. sec. 6330(g), it was disregarding P's hearing request because P's disagreement was frivolous and the IRS Collection Division could proceed with collecting P's unpaid tax liability for 2009. This "disregard letter" resembles the letters that the Appeals Office sent to the taxpayers in *Thornberry v. Commissioner*, 136 T.C. 356 (2011). R filed a motion to dismiss for lack of jurisdiction. R asserts that, contrary to the Court's holding in *Thornberry*, this Court does not have jurisdiction when a disregard letter is issued. R asserts that the holding in *Thornberry* eviscerates I.R.C. sec. 6330(g) and requests that the Court overturn it. We decline to do so. *Held*: The Tax Court has jurisdiction to review the Commissioner's determination as to whether a taxpayer who has sought judicial review under I.R.C. sec. 6330(d)(1) has raised an issue other than issues that have been identified by the Secretary as frivolous or that reflect a desire to delay or impede the administration of Federal tax laws. *Thornberry v. Commissioner*, 136 T.C. 356, followed and clarified. *Held*, *further*, because P did not raise on Form 12153 any issues specified in I.R.C. sec. 6330(c)(2) that may be considered in an administrative hearing, no portion of P's request for a hearing is excluded from R's determination to disregard the entire request and I.R.C. sec. 6330(g) prohibits further judicial review of that determination. *Thornberry v. Commissioner*, 136 T.C. 356, distinguished. *Held*, *further*, because R's determination that the IRS Collection Division could proceed with collecting P's unpaid tax liability for 2009 was not made in response to a proper request for a hearing, i.e., the entire request was properly treated as if it had never been submitted, this Court lacks jurisdiction to review that determination and R's motion to dismiss for lack of jurisdiction will be granted. *Thornberry v. Commissioner*, 136 T.C. 356, distinguished.

Daniel Richard Buczek, pro se.
*John M. Janusz*, for respondent.

OPINION

DAWSON, *Judge*: This collection case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner timely filed the petition for review of the determination by the Appeals Office to proceed with levy to collect his unpaid tax assessed for 2009, sent to him in response to his

request for a hearing pursuant to sections 6320 and 6330 [1] (hearing request).

The determination letter states that, under the authority of section 6330(g), the Appeals Office was disregarding petitioner's entire hearing request because his disagreement is either a position that the Secretary has identified as frivolous or reflects a desire to delay or impede the administration of Federal tax laws, and therefore, his request was being returned to the Internal Revenue Service (IRS) Collection Division and the Collection Division could proceed with collecting the tax. The determination letter resembles the "disregard letters" the Appeals Office issued to the taxpayers in *Thornberry v. Commissioner*, 136 T.C. 356 (2011). This Court held in *Thornberry* that the statements in disregard letters that the IRS collection office could proceed with collection action were determinations for purposes of section 6330(d)(1) and that this Court had jurisdiction to review the Appeals Office's determination that the taxpayer raised only frivolous arguments. Respondent asserts that, contrary to the Court's holding in *Thornberry*, this Court does not have jurisdiction when a disregard letter is issued and that he has made no determination concerning collection action or any other determination that would confer jurisdiction on this Court with respect to petitioner's taxable year 2009. Respondent asserts that *Thornberry* was decided incorrectly in that it eviscerates section 6330(g), which denies judicial review of the portions of a request for an administrative hearing that the Appeals Office determined are frivolous. Therefore, respondent requests that the Court overturn *Thornberry*. We decline to overturn *Thornberry* and explain herein why *Thornberry* neither violates nor eviscerates section 6330(g). The administrative hearing requests that the taxpayers in *Thornberry* submitted are in stark contrast to petitioner's request. A comparison of our review of the section 6330(g) determination with respect to the taxpayers' hearing requests in *Thornberry* with our review of the determination with respect to petitioner's request elucidates the standard we apply in making such a review.

---

[1] Section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.

*Background*

Petitioner resided in New York when he filed the petition.

On November 13, 2013, respondent sent petitioner a final notice of intent to levy to collect his unpaid Federal income tax and interest assessed for 2009. On November 20, 2013, petitioner returned the notice of intent to levy to the Appeals Office with a timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, and seven additional pages. Each page of the notice of intent to levy was stamped "Pursuant to UCC 3–501", "Refused from the cause", "Consent not given", and "Permission DENIED". On the Form 12153 petitioner did not check any of the boxes but wrote "common law hearing" on the line where he could have stated another reason for requesting the hearing. Thus, on the Form 12153 he did not request a collection alternative, he did not assert that he could not pay the tax, he did not request relief under section 6015, and he did not raise any other relevant issue related to the unpaid tax or proposed levy. Nor did he raise any relevant issues in the seven additional pages submitted with the Form 12153.

On January 27, 2014, petitioner and his wife filed the petition in docket No. 1390–14, seeking review of a notice of deficiency for an unspecified year. Attached to the petition were many documents, including a statutory notice of deficiency issued to petitioner's wife for 2011 and several collection notices (i.e., Notice of Levy, Notice of Federal Tax Lien, Final Notice of Intent To Levy and Notice of Your Right to a Hearing, and Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320).

On March 12, 2014, the Appeals Office sent petitioner a letter titled "Appeals is disregarding your request for a Collection Due Process and/or Equivalent Hearing". The letter indicates that petitioner did not respond to a January 21, 2014, letter from the Appeals Office requesting that he amend the hearing request to provide a legitimate reason for the hearing or withdraw the request. The disregard letter informed petitioner that, under the authority of section 6330(g), the Appeals Office was disregarding his request for an administrative hearing because it had determined that his disagreement is:

- a "specified frivolous position", identified by the IRS in Notice 2008–14 (for Notice 2008–14, refer to the IRS Internet website at *http://www.irs.gov/newsroom/article/0..id=177519,00.html*); or

- a reason that is not a "specified frivolous position," but is a frivolous reason reflecting a desire to delay or impede federal tax administration; or

- a moral, religious, political, constitutional, conscientious, or similar objection to the imposition or payment of federal taxes that reflects a desire to delay or impede the administration of federal tax laws.

The letter stated that the Appeals Office was returning petitioner's request to the IRS collection office and that "Collection may proceed with collection action as if the hearing request was never submitted."

On March 20, 2014, petitioner and his wife filed, in docket No. 1390–14, a notice of appeals letter dated March 12, 2014 (notice of disregard letter), to which they attached a copy of the March 12, 2014, disregard letter sent to petitioner regarding the collection of his 2009 tax liability. In the order dated April 24, 2014, the Court dismissed petitioner from the case at docket No. 1390–14 for lack of jurisdiction and ordered the notice of disregard letter to be filed, as of March 20, 2014, as an imperfect petition to commence this case regarding the collection of his tax liability for 2009. The Court ordered petitioner to file a proper amended petition on or before May 15, 2014.

On May 5, 2014, petitioner filed the amended petition. On May 16, 2014, petitioner filed a response to the April 24, 2014, order and the "Notice of Judicial Ruling". On June 23 and 27, 2014, petitioner respectively filed the first amended response to the April 24, 2014, order and a status report. In those pleadings, petitioner primarily complains about the conduct of an IRS agent who is not the Appeals officer who reviewed his request and sent him the March 12, 2014, disregard letter. He raises no justiciable issue with regard to the Appeals Office's disregard of his hearing request or its determination to proceed with the collection of his unpaid income tax liability for 2009.

On July 2, 2014, respondent filed the motion to dismiss for lack of jurisdiction.

*Discussion*

Sections 6320(a)(1) and 6330(a)(1), respectively, require the Commissioner to give a taxpayer written notices when a notice of Federal tax lien is filed upon the taxpayer's property and when the Commissioner intends to levy upon the taxpayer's property. The notices must inform the taxpayer of the right to request a hearing in the Appeals Office (administrative hearing). Secs. 6320(a)(3)(B), 6330(a)(3)(B). In the request for an administrative hearing the taxpayer must state the grounds for the requested hearing. Secs. 6320(b)(1), 6330(b)(1). If a taxpayer makes a timely written request and states the grounds for the requested hearing, he is entitled to a fair hearing conducted by an impartial officer from the Appeals Office. Secs. 6320(b), 6330(b); *Mason v. Commissioner*, 132 T.C. 301, 315 (2009).

During the administrative hearing the taxpayer may raise any relevant issue related to the unpaid tax or proposed collection action, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The taxpayer also may raise challenges to the existence or amount of the underlying tax liability, but only if he/she did not receive a notice of deficiency for that liability or did not otherwise have an opportunity to dispute it. Sec. 6330(c)(2)(B). However, the taxpayer may not properly raise an issue that meets either of the requirements of section 6702(b)(2)(A)(i) or (ii); i.e., is based on a position which the Secretary has identified as frivolous under section 6702(c) or reflects a desire to delay or impede the administration of Federal tax laws. Sec. 6330(c)(4)(B). If the Appeals officer determines that any portion of the taxpayer's hearing request is frivolous, he may treat that portion as if it were never submitted. Sec. 6330(g). Section 6330(g) denies further administrative or judicial review of the portions of a hearing request that the Appeals Office determined are frivolous.

After the administrative hearing is completed, the Appeals Office issues a written notice of determination indicating whether the notice of Federal tax lien should remain in effect and/or whether the proposed levy may proceed. Sec. 6330(c)(3); secs. 301.6320–1(e)(3), Q&A–E8, 301.6330–1(e)(3), Q&A–E8, Proced. & Admin. Regs. A taxpayer may appeal the

Appeals Office determination to the Tax Court within 30 days of the determination; and if an appeal is timely filed, the Court will have jurisdiction with respect to the matter. Sec. 6330(d)(1); sec. 301.6330–1(f)(1), Proced. & Admin. Regs.

We have jurisdiction to determine our jurisdiction. *Cooper v. Commissioner*, 135 T.C. 70 (2010). Our jurisdiction under section 6330(d)(1) depends upon the issuance of a valid notice of determination and a timely petition for review. *Thornberry v. Commissioner*, 136 T.C. at 363; *Sarrell v. Commissioner*, 117 T.C. 122, 125 (2001); *Offiler v. Commissioner*, 114 T.C. 492, 498 (2000). In *Thornberry v. Commissioner*, 136 T.C. at 363–364, the Court held that the Appeals Office statement in the disregard letters that the IRS collection office could proceed with collection action is a determination for purposes of section 6330(d)(1). We observed that section 6703(a) clearly contemplates judicial review with respect to an Appeals Office determination that a request for an administrative hearing under sections 6320 and 6330 is a specified frivolous submission. The Appeals Office determination that a taxpayer's entire hearing request is disregarded because his disagreement is frivolous is essentially a determination that the request is a specified frivolous submission. Indeed, the Appeals Office frequently imposes the civil penalty under section 6702(a) on a taxpayer whose hearing request was disregarded because the Appeals Office determined it was frivolous. *See, e.g.*, *Kurka v. Commissioner*, T.C. Memo. 2014–96. Consequently, while section 6330(g) prohibits judicial review of the portion of a request for an administrative hearing that the Appeals Office determined is frivolous, it does not prohibit judicial review of the determination by the Appeals Office that the request is frivolous and is disregarded. *Thornberry v. Commissioner*, 136 T.C. at 367.

In *Thornberry*, the taxpayers timely requested administrative hearings under sections 6320 and 6330 in response to notices of intent to levy and notices of Federal tax lien filing sent to them with respect to their unpaid tax liabilities, including a section 6702 penalty, for 2000, 2001, 2002, and 2007. They checked almost every box on the Forms 12153, indicating that they requested an installment agreement or an offer-in-compromise as a collection alternative and requested subordination, discharge, or withdrawal of the lien. They set forth additional grounds for their requests in an

attachment they downloaded from the Web site of an organization with a history of promoting frivolous arguments and activities that delay or impede the administration of the Federal tax laws. Each attachment listed 23 boilerplate items, of which 21 were checked and 2 were unchecked. Although many of the grounds listed on the attachment did not apply to the taxpayers, in their requests they asserted claims properly allowed under section 6330(c)(2), inter alia that: (1) collection action would place an undue hardship on them and they requested collection alternatives; (2) they qualified for subordination and requested that the notice of lien be withdrawn; (3) they did not receive notices of deficiency for the assessed income taxes or the section 6702 penalty and had not had an opportunity to contest the tax liabilities; and (4) they were requesting reconsideration of the income tax deficiencies and the section 6702 penalty.

In *Thornberry v. Commissioner*, 136 T.C. at 371, we stated that it was improper for the Appeals Office to treat those portions of the taxpayers' requests that set forth legitimate issues as if they were never submitted without explaining how the requests reflected a desire to delay or impede Federal tax administration. Under *Thornberry*, unless the Appeals Office explains how the request reflects a desire to delay or impede Federal tax administration, the legitimate section 6330(c)(2) issues raised in a taxpayer's hearing request must be excluded, and are deemed to be excluded, from any portions of the request that the Appeals Office determined were frivolous. Absent such an explanation, the portions of the hearing request raising otherwise legitimate issues may not be treated as if they were never submitted.

In *Thornberry v. Commissioner*, 136 T.C. at 367–368, we held that this Court has jurisdiction to review the Appeals Office determination that the taxpayer's request for an administrative hearing was entirely frivolous or for purposes of delay and thus properly treated as if it were never submitted. We remanded the case to the Appeals Office for a hearing to consider the taxpayers' challenges to the section 6702 penalty and their requests for collection alternatives, withdrawal of the lien, and section 6015 relief—legitimate issues they properly raised in their hearing requests that are deemed excluded from any portions of the request that the Appeals Office determined were frivolous. Following the

remand, the Court entered the decision stipulated by the parties that the taxpayers' income tax liabilities for 2000, 2001, and 2002 were closed as currently uncollectible by reason of economic hardship and the section 6702 penalty for 2007 was abated.

In *Thornberry*, the taxpayers' hearing request, on its face, clearly raised proper issues set forth in section 6330(c)(2)(A) and (B), and the taxpayers raised those issues in the petition they filed in this Court appealing the disregard letter sent by the Appeals Office. By contrast, petitioner's hearing request, which included Form 12153 and the pages attached thereto, does not challenge the appropriateness of the collection action, offer or request any collection alternatives, challenge the existence or amount of the underlying tax liability, or raise any spousal defenses. Nor does it make any assertions that would implicitly raise a legitimate issue; for example, it does not assert that the collection action would cause petitioner undue hardship or that he did not receive a notice of deficiency or otherwise have an opportunity to challenge the underlying tax liability.

Because petitioner did not raise in his hearing request any issues that may be considered in the administrative hearing, there are no issues that are deemed to be excluded from any portions of his request that the Appeals Office determined were frivolous. In accordance with section 6330(g), we make no review of the portions of a request for an administrative hearing that the Appeals Office has determined are frivolous. Moreover, because respondent's determination that the IRS Collection Division could proceed with collecting petitioner's unpaid tax liability for 2009 *was not* made in response to a proper request for a hearing, i.e., the entire request was properly treated as if it had never been submitted, this Court lacks jurisdiction to review respondent's determination that collection may proceed, and therefore respondent's motion to dismiss for lack of jurisdiction will be granted.

In conclusion, the decision entered in *Thornberry* demonstrates the importance of this Court's review of the Appeals Office's determinations under section 6330(g) in protecting taxpayers from determinations that are arbitrary and capricious. Our Opinion today demonstrates that our review does not violate or eviscerate section 6330(g), and we therefore decline respondent's invitation to overturn *Thornberry*.

This case is distinguished from *Thornberry*, and we will grant respondent's motion to dismiss for lack of jurisdiction on the facts presented here.

Accordingly,

> *An order of dismissal for lack of jurisdiction will be entered.*