BROWN, Circuit Judge,
dissenting:
Answer a fool according to his folly. Proverbs 26:5. Realizing that the Internal Revenue Service (the IRS) encounters its fair share of jesters, Congress permitted the IRS to disregard frivolous Collection Due Process (CDP) hearing requests and prohibited further administrative or judicial review of that decision. The court finds that result too harsh. Because I think Congress expressly deprived the Tax Court (or any court) of jurisdiction to review the denial of frivolous hearing requests, I respectfully dissent.
Before 1998, the IRS could initiate and impose a levy on a taxpayer’s property without providing a hearing. See Byers v. Comm’r, 740 F.3d 668, 671 (D.C.Cir.2014). Mindful that the exercise of such power could prove strong medicine for taxpayers, Congress sought to “temper ‘any harshness’ ” in the system by permitting CDP hearings in the IRS’s Office of Appeals. Id. In CDP hearings, taxpayers may “contest the IRS’s means of collecting overdue taxes.” Id. Under Section 6330(b)(1), it is relatively easy to receive a CDP hearing: all a taxpayer must do is request a hearing in writing, stating the grounds for the request.
Congress’ good deed did not go unpunished. Frivolous CDP requests besieged the IRS. See, e.g., Progress Report on the IRS Restructuring and Reform Act of 1998, Hearings Before the Joint Economic Committee, 107th Cong. 2 Sess. (2002) (statement of Charles O. Rossotti, Comm’r of Internal Revenue). In response, Congress enacted the Tax Relief and Health Care Act of 2006, Pub.L. No. 109-432, 120 Stat. 2922 (codified at I.R.C. § 6330(g)), which states, “Notwithstanding any other provision of this section, if the Secretary determines that any portion of a request for a hearing under this section” is frivolous or reflects a desire to delay or impede *1153 the administration of federal tax laws “then the Secretary may treat such portion as if it were never submitted and such portion shall not be subject to any further administrative or judicial review.”
Appellant John Ryskamp submitted a request for a CDP hearing pursuant to I.R.C. § 6330, and the IRS Office of Appeals responded with a notice stating it would disregard the request, “as IRC § 6330(g) allows,” because it was premised exclusively upon frivolous reasons. J.A. 18. Ryskamp appealed and the Tax Court heard the case, assuring itself of jurisdiction by relying on its own decision in Thornberry v. Comm’r, 136 T.C. 356, 367, 2011 WL 1485639 (2011). But Thomberry is a dubious precedent and the Tax Court’s conclusion — that it should review the IRS’s denial of Ryskamp’s frivolous hearing request — seems irreconcilable with Section 6330(g). Congress determines the Tax Court’s jurisdiction, see Comm’r v. McCoy, 484 U.S. 3, 7, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987) (“The Tax Court is a court of limited jurisdiction” and possesses only that jurisdiction expressly conferred by Congress in the Internal Revenue Code); I.R.C. § 7442, and Congress specifically barred determinations of frivolousness from “further administrative or judicial review.”
Like the Tax Court, this Court proffers a number of inventive justifications for ignoring the plain meaning of the statute, beginning by conflating “dismissal” and “determination” and then parsing the meaning of “portion.” Yet, none of these moves is sufficient to shift the weight of Congress’ clear intent.
First, the phrase, “shall not be subject to any further administrative or judicial review,” I.R.C. § 6330(g) (emphasis added), makes the frivolousness characterization dispositive. Once the IRS reviews a CDP hearing request and dismisses all or a portion of the request as frivolous, no additional review is permitted. See Engine Mfrs. Ass’n v. South Coast Air Quality Management Dist., 541 U.S. 246, 252, 124 S.Ct. 1756, 158 L.Ed.2d 529 (2004) (“Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.”)
Moreover, while Section 6330(g), like Section 6330(d)(1), refers to a “determination,” the predicate “notwithstanding” defines its use. Thus, despite what Congress has authorized elsewhere in the statute, Section 6330(g) precludes review of frivolous determinations.
Finally, the heading of the subsection relied upon by the majority confirms this more limited reading. See, e.g., INS v. Nat’l Ctr. for Immigrants’ Rights, Inc., 502 U.S. 183, 189, 112 S.Ct. 551, 116 L.Ed.2d 546 (1991) (“[T]he title of a statute or section can aid in resolving an ambiguity in the legislation’s text.”); Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R., 331 U.S. 519, 528-29, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947) (stating headings “are but tools available for the resolution of a doubt.”) The determination contemplated by Section 6330(d)(1) is made after a hearing. But under Section 6330(g) the Appeals Office does not conduct a hearing before dismissing a request as frivolous. Consequently, a notice characterizing a request as frivolous is not a “determination” subject to judicial review under Section 6330(d)(1).
Nevertheless, the court insists that “portion” in Section 6330(g) means only the content of a hearing request is immune from further review — not the procedural determination itself. Yet, “portion” cannot bear such a parsing when read in context. In Thornberry v. Comm’r, 136 T.C. at 367, the Tax Court held — despite the prohibi *1154 tion found in Section 6330(g) — it had jurisdiction “to decide whether the Appeals Office determined that all portions of petitioners’ requests for an administrative hearing meet the requirements” for a portion that may be disregarded and “properly treated the entire request as if it were never submitted.” Id. at 367-68. My colleagues accept this reasoning, describing the Tax Court’s function here as “limited.” Majority Op. at 1148-49. The Tax Court is not reviewing the merits of the Appeal Office’s determination — they say — but is instead taking a look to make sure the IRS did not inadvertently overlook a legitimate reason for the hearing request. But this semantic subtlety violates a fundamental law of logic: a thing cannot be and not be at the same time. The IRS cannot simultaneously be permitted to ignore frivolous portions of requests and also be required to identify and explain why those portions were ignored. And once the court begins reviewing portions deemed frivolous there can be no meaningful distinction between determining the Appeals Office mistakenly ignored a legitimate portion of a request— the helpful, “limited” review desired by the court — and determining the Appeals Office reached the wrong conclusion — “merits” review.
Putting aside these metaphysical musings, the point of Section 6330(g) seems clear enough. There is no answer to the riddle of how much review is enough because no review is available at all. A jurisdiction-stripping provision is a closed door, not an invitation to come inside and engage in a little “gatekeeping” review. See Ex parte McCardle, 7 Wall. 506, 74 U.S. 506, 514, 19 L.Ed. 264 (1868) (“Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause”); Amgen, Inc. v. Smith, 357 F.3d 103, 113 (2004) (“If a no-review provision shields particular types of administrative action, a court may not inquire whether a challenged agency decision is arbitrary, capricious, or procedurally defective.... ”).
The court cannot evade these obstacles by relying on Amgen; that case would only permit us to consider whether the statute authorized the Appeals Office to make the initial frivolousness decision. In this case, there is no argument the IRS’s decision to disregard Ryskamp’s hearing request was ultra vires. Section 6330(g) clearly gives the IRS the authority to disregard portions of a hearing request it deems frivolous. The Appeals Office’s notice expressly invoked Section 6330(g) when informing Ryskamp his request was being disregarded. J.A. 18. There is no confusion here as to whether the IRS’s action was of the sort shielded from judicial review. Every portion of Ryskamp’s hearing request was deemed frivolous, and those portions may not be subjected to further review.
While there is a “strong presumption that Congress intends judicial review of administrative action,” Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 670, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986), the presumption is overcome where there is “ ‘clear and convincing evidence’ that Congress intended to preclude the suit.” Amgen, 357 F.3d at 111. Here, Congress explicitly ousted the Tax Court — and all courts and agencies — of jurisdiction to review any portion of a hearing request the Office of Appeals treats as if never submitted pursuant to Section 6330(g). See id. at 112 (finding clear and convincing evidence of preclusion of judicial review in the plain text of a statute stating “there shall be no administrative or judicial review”). Could Congress have been clearer? Surely not.
The majority worries that, without review, the IRS would have “unilateral” and *1155 “unchecked” authority to determine what constitutes a frivolous CDP hearing request. Under such circumstances, they say, valid claims may inadvertently be marked frivolous and disregarded. Theirs is a legitimate worry. But it is not one for us to relieve. As Congress has the authority to determine the jurisdiction of the Tax Court, so too does Congress have the power to decide how the IRS might best bring its enforcement powers to bear. In making its preference plain, Congress accepted the risk of IRS error or mistake. Rather than helpfully improve upon Congressional decision-making, we must abide by the basic rule of statutory interpretation that Congress “says in a statute what it means and means in a statute what it says there.” Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 461-62, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). I respectfully dissent.