T.C. Memo. 2016-203

UNITED STATES TAX COURT

WARD DEAN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12854-14L.                    Filed November 8, 2016.

Ward Dean, pro se.

<u>Edwin B. Cleverdon</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  Pursuant to section 6330(d)(1),[1] petitioner seeks review of

respondent's determination to sustain a notice of Federal tax lien filing (NFTL

filing) with respect to his unpaid 2006 and 2012 Federal income tax liabilities as

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** set forth in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated May 2, 2014 (notice of determination), upon which this case is based.  The issue for decision is whether the Internal Revenue Service Appeals Office (Appeals) abused its discretion in sustaining the NFTL filings for 2006 and 2012.

## Background

This case was submitted fully stipulated under Rule 122.  The first stipulation of facts, first supplemental stipulation of facts, and second supplemental stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Florida when he timely filed the petition.

On April 15, 2013, petitioner filed his Federal income tax return for 2006 reporting tax due of $10,388 with Federal withholding of $6,333 but did not pay the balance.  On June 17, 2013, respondent assessed the remaining tax due from petitioner, an addition to tax for failure to pay estimated tax, an addition to tax for late filing, an addition to tax for failure to pay tax, and interest for 2006.  On July 23, 2013, respondent issued to petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, for petitioner's 2006 tax liability.

**[\*3]**   On April 15, 2013, petitioner timely filed his Federal income tax return for 2012 reporting tax due of $20,303 with Federal withholding of $8,983 but did not pay the balance.  On June 3, 2013, respondent assessed the remaining tax due from petitioner, an addition to tax for failure to pay tax, and interest for 2012.  On June 27, 2013, respondent issued to petitioner Letter 3172 for petitioner's 2012 tax liability.

I.      Collection Due Process Hearing Request

Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to the Letters 3172 issued for 2006 and 2012 (CDP hearing request).[2]  On the CDP hearing request petitioner checked both the NFTL filings and proposed levy or actual levy boxes as the basis for the hearing.  Petitioner also checked boxes indicating he was requesting both an installment agreement and an offer-in-compromise as collection alternatives, as well as boxes indicating he was requesting the subordination, discharge, and withdrawal of the liens.  In the space for the "Reason" for his CDP hearing request, petitioner wrote "See attached sheets".  Petitioner attached three pages to

_____

[2]Petitioner also included tax years 1997 through 2004 on Form 12153. These years were not properly before Appeals because they related to prior levies. Appeals did not consider these years in making the determination upon which this case is based.  Therefore, tax years 1997 through 2004 are not before the Court.

**[*4]** his CDP hearing request consisting of 17 numbered paragraphs outlining his positions.[3] The paragraphs included requests for "currently not collectible" status, hardship status, a face-to-face hearing, "verification from the Secretary that all applicable law and administrative procedures have been met", an opportunity to contest the underlying liability, audit reconsideration, and "verification of the accuracy of the tax liability". The paragraphs also include statements of petitioner's intention to make an audio recording of the CDP hearing and to "not make any Constitutional, moral, political, religious or conscientious arguments".

A settlement officer (SO) from Appeals in Jacksonville, Florida, issued petitioner a letter dated September 13, 2013, verifying receipt of petitioner's CDP hearing request. The letter stated that the CDP hearing would be conducted by telephone and/or correspondence unless petitioner requested a face-to-face hearing within 14 days of the letter. Attached to the letter was a checklist informing petitioner that in order to have collection alternatives considered, he would need to provide within 14 days of the date on the letter: (1) verification that his estimated

---

[3]Petitioner's attachment presented selected and lightly edited paragraphs from among "boilerplate items" in the CDP hearing requests at issue in Sullivan v. Commissioner, T.C. Memo. 2012-337, and Thornberry v. Commissioner, 136 T.C. 356, 358, 369 (2011). The "boilerplate items" are from a prechecked laundry list of items on the Web site of an organization known to promote frivolous arguments and activities that delay or impede the administration of Federal tax laws. See Thornberry v. Commissioner, 136 T.C. at 369.

**[\*5]** tax payments were paid and current, (2) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and (3) supporting documentation to Form 433-A.

On September 26, 2013, petitioner faxed the SO a letter requesting a face-to-face hearing and verifying that his estimated tax payments were paid and current.  Petitioner also faxed a Form 433-A with supporting documentation that included  court orders for alimony, copies of Western Union money orders in varying amounts payable to the U.S. Treasury, and other documents reflecting income, expenses, and restitution payments.

II.     Face-to-Face Hearing

Petitioner's case was transferred to the Birmingham Appeals office and assigned to SO Morgan.  SO Morgan mailed petitioner a letter dated March 7, 2014, scheduling his face-to-face hearing for March 25, 2014.  SO Morgan explained in the letter that during the hearing she would consider whether the IRS had met all the requirements of any applicable law or administrative procedure, as well as any legitimate issues petitioner wished to discuss including collection alternatives, the appropriateness of the NFTL filings, spousal defenses, and the underlying liabilities if he had not received a statutory notice of deficiency.

**[\*6]**  On March 25, 2014, SO Morgan held a face-to-face CDP hearing with petitioner at respondent's Mobile, Alabama, office.  Mr. Whitely, SO Morgan's manager, participated in the CDP hearing via telephone.  Petitioner brought a certified court reporter to record the CDP hearing, and SO Morgan also recorded the CDP hearing.[4]  SO Morgan explained the role of Appeals, her authority to recommend settlement, and the scope of the CDP hearing.  Petitioner expressed concerns that he was making installment payments that were not being credited for the correct tax year, that requirements of law and administrative procedure had not been met, and that he did not owe the tax assessed.

SO Morgan reviewed petitioner's account transcripts and verified that payments were applied against his 2006 and 2012 income tax liabilities.[5]  She then verified that the requirements of law and administrative procedure had been met, including valid assessments based on petitioner's 2006 and 2012 Forms 1040, U.S. Individual Income Tax Return.  Mr. Whitely offered to send petitioner a

---

[4]The CDP hearing transcript was admitted into evidence at Exhibit 9-J.

[5]Petitioner stated he was making payments of $72 toward his 2006 income tax liability and $350 toward his 2012 income tax liability.  At the time of the hearing, petitioner had made eight payments toward his 2006 income tax liability, five payments of $72 and three payments of $350.  Petitioner had also made five payments toward his 2012 income tax liability, three payments of $350 and two payments of $72.

[*7] certified transcript of his 2006 and 2012 accounts that confirmed the validity of the assessments. During the CDP hearing Mr. Whitely encouraged petitioner to submit amended tax returns reflecting the income and tax petitioner believed was correct if he thought the tax liabilities had been assessed incorrectly. Petitioner declined and stated: "I'm not going to amend the one that I filed * * * I would to like to ask the Appeals Officer to show me, if she could, the code sections in here that makes me liable for taxes". Mr. Whitely informed SO Morgan that she had permission to terminate the CDP hearing because of petitioner's asserting frivolous arguments.

Instead of terminating the CDP hearing SO Morgan allowed petitioner to discuss a potential installment agreement. Petitioner wanted to enter into an installment agreement for only his 2006 and 2012 income tax liabilities and have the liens released. SO Morgan explained that (1) he had not submitted a request for an installment agreement to Appeals, (2) an installment agreement takes into consideration every tax period with unpaid liabilities,[6] and (3) Appeals has authority to consider an installment agreement as a collection alternative if petitioner wanted all tax periods considered. SO Morgan also explained that the

_____

[6]Petitioner had unpaid liabilities for 1997 through 2004, for which two of his income sources were being levied upon.

[*8] tax liability has to be paid in full for a lien to be released; or if he planned to sell an asset or borrow funds to pay the liabilities, petitioner could ask Appeals to consider a lien subordination. Petitioner did not have any other issues he wanted considered by Appeals. SO Morgan ended the CDP hearing, confirming that the liens were appropriate and that she would send him certified copies of his account transcripts. SO Morgan also provided petitioner with her contact information in case he thought of other concerns before she sent the account transcripts.

After the hearing, SO Morgan sent petitioner Certificates of Official Record, each dated April 2, 2014, that contained "all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments" for 2006 and 2012. Petitioner and SO Morgan could not reach an agreement on an installment agreement, submission of amended tax returns, or withdrawal of the liens. SO Morgan closed the case and issued the notice of determination on May 2, 2014.

III.   Parties' Arguments

Petitioner timely petitioned the Court for review of the notice of determination. In his opening and reply briefs, petitioner states that he does not dispute the underlying tax liabilities and abandons all issues in his petition except one. Petitioner contends that SO Morgan abused her discretion when she did not verify that the requirements of applicable law and administrative procedure had

[*9] been met because she did not verify that the 2006 and 2012 NFTL filings were valid. Petitioner argues that the NFTL filings are invalid because they were signed by an IRS employee under a pseudonym without a disclosure and not signed under penalty of perjury, in violation of section 6065.[7]

Respondent contends that the 2006 and 2012 NFTL filings are valid because there is no requirement for them to be signed; therefore, a pseudonymous signature has no effect on their validity. Respondent also contends that SO Morgan did not abuse her discretion and properly verified that the requirements of applicable law and administrative procedure were met.

Discussion

Section 6321 provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property, whether real or personal, belonging to such person. The lien arises at the time assessment is made and continues until the liability is satisfied or becomes unenforceable by lapse of time. Sec. 6322. Section 6320 requires the Commissioner to send written notice to the taxpayer of the filing of an

---

[7]Sec. 6065 requires returns and certain other documents to contain or be verified by a written declaration that they are made under the penalties of perjury. See Davis v. Commissioner, 115 T.C. 35, 42 (2000).

[*10] NFTL and of the taxpayer's right to an administrative hearing with an impartial Appeals officer. See Katz v. Commissioner, 115 T.C. 329, 333 (2000).

At a CDP hearing the taxpayer may raise any relevant issue relating to the unpaid tax or lien, including collection alternatives such as an offer-in-compromise. Sec. 6320(c), 6330(c)(2). A taxpayer is precluded, however, from challenging the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

As part of the CDP hearing, the Appeals officer must take into consideration: (1) verification that the requirements of applicable law and administrative procedure have been met; (2) relevant issues raised by the taxpayer concerning the collection action; and (3) whether the proposed collection action balances the need for the efficient collection of tax with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary. Sec. 6330(c)(3). Relevant issues may include appropriate spousal defenses, challenges to the appropriateness of the collection actions, and potential collection alternatives such as an installment agreement or an offer-in-compromise. Sec.

**[*11]** 6330(c)(2)(A). After the CDP hearing Appeals must determine whether the proposed levy action may proceed or the NFTL filing should be sustained. If the taxpayer is dissatisfied with the outcome of Appeals' determination, then he can appeal that determination to the Tax Court under section 6330(d), as petitioner has done.

Where the validity of the underlying liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. at 610. However, where the validity of the underlying tax liability is not at issue, the Court reviews Appeals' determination for abuse of discretion. Goza v. Commissioner, 114 T.C. at 181-182. Abuse of discretion exists when Appeals' determination was arbitrary, capricious, or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Petitioner declined his opportunity to contest his underlying liabilities at his CDP hearing. Additionally, in his briefs petitioner does not dispute the underlying liabilities for 2006 and 2012. Therefore, the Court will review Appeals' determination for abuse of discretion. See Goza v. Commissioner, 114 T.C. at 182.

**[\*12]** I.     Verification Required by Section 6330(c)(1)

Section 6330(c)(1) requires the Appeals officer conducting a CDP hearing to verify that the requirements of any applicable law or administrative procedure have been met.  See Hoyle v. Commissioner, 131 T.C. 197, 199, 201-203 (2008). In the case of a self-reported tax liability, the applicable law or administrative procedures that Appeals must verify to sustain the NFTL filing are:  (1) the IRS' timely assessment of the liability pursuant to sections 6201(a)(1) and 6501(a); (2) the taxpayer's failure to pay the liability, see, e.g., sec. 6321; (3) giving the taxpayer notice and demand for payment of the liability pursuant to section 6303; and (4) giving the taxpayer notice of an NFTL filing and right to a hearing pursuant to section 6320(a)(1) and (3)(B), see Med. Practice Sols., LLC v. Commissioner, T.C. Memo. 2010-98, slip op. at 16-17.

A.     NFTL Filings and Section 6065

Petitioner's argument is that SO Morgan did not verify that the 2006 and 2012 NFTL filings were properly signed and, therefore, did not verify that all requirements of applicable law and administrative procedure have been met.

An NFTL is required to be filed on a Form 668(Y), Notice of Federal Tax Lien.  Sec. 6323(f)(3); sec. 301.6323(f)-1(d)(1), Proced. & Admin. Regs.  Section 301.6323(f)-1(d)(2), Proced. & Admin. Regs., defines Form 668 to mean "either a

**[\*13]** paper form or a form transmitted electronically, \* \* \* [that] must identify the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose". There is no requirement that an NFTL filing be signed or certified, and a pseudonymous signature on an NFTL filing does not affect its validity.

Petitioner's assertion that NFTL filings are required to comply with section 6065 is frivolous.[8] See Davis v. Commissioner, 115 T.C. 35, 42 (2000); Hult v. Commissioner, T.C. Memo. 2007-302, slip op. at 11 n.8; Milam v. Commissioner, T.C. Memo. 2004-94, slip op. at 7, 10. Moreover, the IRS publishes and occasionally updates "The Truth About Frivolous Tax Arguments",[9] a compilation of frivolous positions and the caselaw refuting them. Petitioner's argument is addressed in that paper at 52-53 of the February 2016 version. Therefore, the Court "perceive[s] no need to refute these arguments with somber reasoning and copious citation of precedent". See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). See generally Wnuck v. Commissioner, 136 T.C. 498 (2011).

---

[8]In 2009 petitioner was provided an explanation of the statutes, regulations, and Tax Court precedent regarding sec. 6065 and NFTL filings by the U.S. District Court for the Northern District of Florida. See Dean v. United States, 104 A.F.T.R.2d (RIA) 2009-5083 (N.D. Fla. 2009).

[9]Available at www.irs.gov/tax-professionals/the-truth-about-frivolous-tax-arguments-introduction.

**[\*14]** B.     Verification of Applicable Law and Administrative Procedure

Before the CDP hearing SO Morgan reviewed petitioner's account transcripts to verify that the requirements of any applicable law and administrative procedure had been met.  During the CDP hearing SO Morgan specifically stated to petitioner that she had reviewed his account transcripts and verified that valid assessments were made, that the underlying tax liability remained unpaid, and that he received Letters 3172 giving him notice of the NFTL filings for 2006 and 2012 and his right to a hearing.  Account transcripts may be used to satisfy the verification requirements of section 6330(c)(1).  See Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003).  Petitioner has not alleged any irregularity in the information in the account transcripts and has stipulated that they "accurately reflect[] the contents of IRS records".

II.     Conclusion

Despite petitioner's contentions, the record establishes that SO Morgan conducted a thorough review of petitioner's account transcripts and verified that the requirements of applicable law and administrative procedure were followed. Despite petitioner's overly broad CDP hearing request,[10] SO Morgan addressed petitioner's concerns during the CDP hearing and otherwise proceeded in the

---

[10]See supra note 3.

[*15] manner contemplated by sections 6320 and 6330.  Petitioner has not invited the Court's attention to any specific provisions of the relevant statutes, regulations, or provisions of the Internal Revenue Manual that SO Morgan has violated or failed to take into account.

Considering all of the facts and circumstances, the Court is satisfied that SO Morgan did not abuse her discretion when she determined that the 2006 NFTL filing and the 2012 NFTL filing were appropriate collection actions with respect to petitioner's outstanding income tax liabilities.

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.