T.C. Memo. 2018-47

UNITED STATES TAX COURT

RANDALL JENNETTE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12713-16L.                    Filed April 5, 2018.

Randall Jennette, pro se.

<u>Lisa DiCerbo</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This case was brought by petitioner under section

6330(d)(1)[1] regarding a determination by the Internal Revenue Service (IRS)

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Office of Appeals to sustain the collection by levy of petitioner's unpaid liability for assessed section 6702 penalties for 2011 and unpaid income tax liability for 2012. The issue before the Court is whether to grant respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute exists as to any material fact and that his determination to collect petitioner's unpaid liabilities by levy should be sustained. Petitioner responded to respondent's motion, but he did not contest respondent's material factual allegations and only raised frivolous arguments. After reviewing these allegations along with the attached declaration and exhibits, we conclude that no material facts that respondent relies on are in dispute and that this case is appropriate for summary adjudication.

Background

Petitioner was incarcerated in Pennsylvania when he filed his petition.

On January 30, 2012, the IRS received from petitioner an amended Federal income tax return for 2011, on which he reported wages of $9,003,079,659.98, withholdings of $9,003,079,659.98, and a refund due of $9,003,079,659.98. In March 2012, the IRS received from petitioner a Federal income tax return for

[*3] 2011,[2] on which he reported wages of $9,006,000,000, withholdings of $9,006,000,000, and a refund due of $9,006,000,000. Petitioner attached to each return a Notice Concerning Fiduciary Relationship, on which he stated that the then U.S. Secretary of the Treasury, Timothy Geithner, was acting in a fiduciary capacity for him and that the authority for the fiduciary relationship was "secured party creditor appointing fiduciary". Petitioner signed the notices as the fiduciary and stated that his title was a "secured party creditor". On January 13, 2014, the IRS received from petitioner another Federal income tax return for 2011, on which he reported wages of $36 billion, withholdings of $36 billion, and a refund due of $36 billion. Petitioner attached a nearly identical notice to this return, except he stated that the then U.S. Secretary of the Treasury, Jack Lew, was acting in a fiduciary capacity for him.

The IRS determined that the three returns petitioner submitted for 2011 were frivolous. On June 25, 2012, the IRS assessed two separate $5,000 penalties for the returns received on January 30, 2012, and in March 2012 under section 6702. On June 16, 2014, the IRS assessed a $5,000 penalty for the return received on January 13, 2014, under section 6702. Respondent's motion contends that he

---

[2]For an unknown reason, petitioner submitted an amended Federal income tax return for 2011 before he filed his Federal income tax return for 2011.

[*4] obtained appropriate managerial approval for all three penalties, which petitioner does not dispute. Respondent's motion attached copies of the approval forms.

Petitioner did not file a Federal income tax return for 2012. The IRS prepared a substitute for return and assessed petitioner's unpaid liabilities. Petitioner seems to have agreed with respondent's assessment. On November 12, 2015, the IRS issued petitioner a Letter LT11, Notice of Intent to Levy and Notice of Your Right to a Hearing, for petitioner's unpaid section 6702 penalties for 2011 and unpaid income tax liability for 2012. On or about November 24, 2015, petitioner timely filed a request for a collection due process (CDP) hearing. In his request, petitioner raised frivolous arguments, but also claimed that he did not receive credit toward his liabilities for payments that he had previously made.

On May 9, 2016, a settlement officer (SO) from the IRS Office of Appeals sent petitioner a letter acknowledging receipt of his request for a CDP hearing. In the letter, the SO warned petitioner that he would disregard the request for a CDP hearing unless petitioner amended or withdrew the request within 30 days because the "only issues" that petitioner raised were frivolous. Petitioner did not amend or withdraw the request. On June 30, 2016, the SO sent petitioner a letter disregarding his request for a CDP hearing. The letter did not address petitioner's

[*5] claim that he had not received credit for payments that he previously made toward his outstanding liabilities. Petitioner filed a petition with this Court in which he challenged the determination to disregard the request for a CDP hearing and made an incomprehensible argument about a State court judgment.[3]

On October 28, 2016, respondent filed a motion to remand because the SO's May 9 and June 30, 2016, letters did not address whether petitioner received credit for previously made payments, which "may be a legitimate issue". On November 9, 2016, the Court granted respondent's motion to remand and we ordered that petitioner be provided a supplemental CDP hearing.

On December 5, 2016, the SO sent petitioner a letter scheduling a telephone supplemental CDP hearing for January 9, 2017. In the letter, the SO explained that he researched petitioner's account payment history between January 1990 and November 2016 and did not discover any payments that petitioner made toward the 2011 and 2012 liabilities. The SO informed petitioner that if he sought a collection alternative, he needed to submit by January 2, 2017: (1) signed tax

---

[3]Our jurisdiction under sec. 6330(d)(1) depends upon the issuance of a valid notice of determination and a timely petition for review. Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). A letter disregarding a taxpayer's request for a CDP hearing is a determination for the purposes of sec. 6330(d)(1). Buczek v. Commissioner, 143 T.C. 301, 307 (2014); Thornberry v. Commissioner, 136 T.C. 356, 363-364 (2011).

[*6] returns for 2006, 2007, 2009, 2011, 2013, 2014, and 2015, and either proof that the IRS received the returns or proof of mailing;[4] (2) a Form 433-A, Collection Information Statement for Individuals, if petitioner wished for his accounts to be placed in currently not collectible status or if he sought an installment agreement; and (3) a Form 656, Offer in Compromise, and a Form 433-A if petitioner sought an offer-in-compromise.

Petitioner did not file the delinquent tax returns or provide the requested information. Petitioner did not call the SO for the scheduled supplemental CDP hearing.[5] On February 6, 2017, the SO sent petitioner a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy action.

## Discussion

### A. Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862

---

[4]Petitioner's delinquent 2006, 2007, 2009, 2011, 2013, 2014, and 2015 returns are not at issue in this case.

[5]On December 21, 2016, petitioner informed the SO that he could not guarantee that he would be able to use the phone for the supplemental CDP hearing. However, in his response to respondent's motion, petitioner does not contend that he was prevented from participating in the hearing.

**[*7]** (1974). Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. v. Commissioner, 116 T.C. 73, 74-75 (2001). In deciding whether to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). On the basis of the record, we conclude that there is no genuine dispute of material fact and that a decision may be rendered as a matter of law.

B. Standard of Review

Where the validity of a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.

**[\*8]** Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the taxpayer's underlying liability is not properly at issue, we review the Office of Appeals' determination for abuse of discretion only.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.  A determination is an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).  This Court may consider such a challenge, however, only if the taxpayer properly raised it before the settlement officer, Giamelli v. Commissioner, 129 T.C. 107, 115 (2007), and again in his petition to this Court, see Rule 331(b)(4).  An issue is not properly raised at the Office of Appeals if the taxpayer fails to request consideration of the issue or fails to present any evidence after being given a reasonable opportunity to do so.  Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Thompson v. Commissioner, 140 T.C. 173, 178 (2013) (citing Giamelli v. Commissioner, 129 T.C. at 114).

**[*9]** Petitioner was entitled to contest the frivolous return penalties at his CDP hearing because he "did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). However, in order to raise in this Court his liability for the frivolous return penalties, petitioner was required to contest those penalties at the supplemental CDP hearing and challenge those penalties in his petition. Petitioner failed to participate in the supplemental CDP hearing and did not explicitly challenge those penalties in his petition. He is therefore not entitled to contest those penalties in this Court.

It is unclear whether petitioner was entitled to contest his underlying liability for 2012 at the CDP hearing.[6] However, petitioner indicated to the SO that he agreed with the assessment, and he neither participated in his supplemental CDP hearing nor raised the issue of his 2012 liability in his petition. Because petitioner failed to participate in the supplemental CDP hearing and did not explicitly challenge his 2012 liability in his petition, he is not entitled to contest his 2012 liability in this Court. Accordingly, we will review the SO's determination for abuse of discretion only.

---

[6]Generally, a taxpayer must actually receive a notice of deficiency for the preclusion under sec. 6330(c)(2)(B) to apply, see Sego v. Commissioner, 114 T.C. 604, 610-611 (2000), and the record is silent as to whether petitioner received a notice of deficiency for 2012.

**[*10]** C.  Analysis

The determination of the IRS Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  Our review of the record establishes that the SO properly considered all of these factors when making his determination.

Petitioner does not directly address respondent's determination to sustain the levy.  Petitioner raises an incomprehensible argument about an alleged Pennsylvania State court judgment and its preclusive effect.  He also raises tax-protester type arguments about his status under "Negotiable Instruments Law" as a "Secured Party Creditor".  We will not painstakingly address petitioner's tax-protester arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

**[*11]** Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.  In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

 To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.