157 T.C. No. 9

UNITED STATES TAX COURT

WILLIAM E. RUHAAK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21542-17L.                    Filed November 16, 2021.

R sent to P via certified mail a Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). P requested a hearing regarding the proposed levy by submitting to the Internal Revenue Service Office of Appeals (Appeals) a Form 12153, Request for a Collection Due Process or Equivalent Hearing. P mailed and Appeals received the Form 12153 before the expiration of the 30-day period following the mailing date of the levy notice, during which P had a statutory right to request a collection due process (CDP) hearing. <u>See</u> I.R.C. sec. 6330(a)(2) and (3); <u>Weiss v. Commissioner</u>, 147 T.C. 179, 187-191 (2016), <u>aff'd per curiam</u>, 121 A.F.T.R.2d 2018-1853 (D.C. Cir. 2018).

P checked a box on the Form 12153 to request an equivalent hearing in the event that his request for a CDP hearing was untimely. Under the applicable regulations, a taxpayer who fails to make a timely request for a CDP hearing may request an equivalent hearing instead, provided that the request for an equivalent hearing is made in writing within the one-year period commencing on the day after the

date of the levy notice. Sec. 301.6330-1(i)(1), (2), Q&A-I7, Proced. & Admin. Regs.

Appeals determined that P timely requested a CDP hearing and thus was not entitled to an equivalent hearing. Following the CDP hearing, Appeals issued to P a notice of determination which sustained the proposed levy. P argues, however, that Appeals should have granted him an equivalent hearing because his Form 12153 constituted a written request for an equivalent hearing made within the one-year period provided for requesting an equivalent hearing under sec. 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs.

Held: P's request for a hearing made before the expiration of the 30-day period following the mailing date of the levy notice necessarily triggered a CDP hearing and not an equivalent hearing.

Held, further, Appeals properly issued a notice of determination to P following the CDP hearing, and the Tax Court has jurisdiction to review it pursuant to I.R.C. sec. 6330(d)(1).

Held, further, Appeals' determination to sustain the proposed levy was not an abuse of discretion.

Held, further, we will not impose a penalty on P under I.R.C. sec. 6673(a)(1) because his principal position in this case was not frivolous.

William E. Ruhaak, pro se.

Megan E. Heinz, for respondent.

GALE, Judge:  Pursuant to section 6330(d)(1),[1] petitioner seeks review of the determination of the Internal Revenue Service (IRS) Office of Appeals (Appeals)[2] to sustain a proposed levy to collect petitioner's unpaid Federal income tax for taxable year 2013.  The issues for decision are:  (1) whether petitioner was entitled to request an equivalent hearing instead of a collection due process (CDP) hearing for review of the proposed levy, even though he mailed and Appeals received his hearing request before the expiration of the 30-day period for requesting a CDP hearing; (2) whether the settlement officer (SO) who conducted petitioner's hearing abused her discretion in sustaining the proposed levy; and (3) whether petitioner should be penalized under section 6673(a)(1).

                            FINDINGS OF FACT

The parties have stipulated most of the facts relevant to our disposition of this case, as well as the contents of the administrative record.  The parties' stipulations of facts and their exhibits are incorporated herein by this reference. Petitioner resided in Illinois when he filed the petition.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]On July 1, 2019, Appeals was renamed the Internal Revenue Service Independent Office of Appeals.  See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001(a), 133 Stat. at 983 (2019).  As the events in this case predate that change, we use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

By a Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) dated March 10, 2017, and sent to petitioner via certified mail on the same date,[3] respondent advised petitioner that he intended to levy on petitioner's property to collect petitioner's unpaid Federal income tax for taxable years 2013 and 2014.  The levy notice also stated that petitioner could appeal the proposed levy by "complet[ing] and mail[ing] the enclosed Form 12153, Request for a Collection Due Process or Equivalent Hearing, by April 9, 2017."[4]  Finally, the levy notice warned petitioner that if he did not "file" a Form 12153 by April 9, 2017, he would "lose the ability to contest Appeals' decision in the U.S. Tax Court."

_____

[3]As reflected in the trial transcript, we held open the trial record to allow respondent to submit a properly redacted copy of the levy notice (an incorrectly redacted copy of which was an exhibit to the parties' joint first stipulation of facts) as well as additional evidence confirming the date on which the levy notice was mailed.  Respondent accordingly submitted a supplement to the trial record consisting of two exhibits:  (1) the properly redacted levy notice, and (2) a printout of certified mail tracking information from the U.S. Postal Service (USPS) website, www.usps.com.  We directed that the properly redacted levy notice be filed as an exhibit to the joint first stipulation of facts, received the tracking information printout into evidence, and thereafter closed the trial record.  The USPS tracking information corresponds to a tracking number printed at the top of the levy notice and confirms that the levy notice was sent via certified mail on March 10, 2017.

[4]We take judicial notice of the fact that April 9, 2017, was a Sunday.  See Fed. R. Evid. 201.

In response to the levy notice, petitioner mailed Form 12153 to respondent on April 7, 2017, which was postmarked on that date and delivered to Appeals on April 10, 2017. Petitioner indicated in item 5 of the Form 12153 that the hearing request related to the 2013 taxable year, and in item 7 he checked the box next to the following statement: "I would like an Equivalent Hearing - I would like a hearing equivalent to a CDP Hearing if my request for a CDP [H]earing does not meet the requirements for a timely CDP Hearing." The only reason petitioner gave for requesting a hearing was that he sought "[r]eview of [a] personal statement of conscience with [the] hearing officer and incorporation of this complete text into the written record regarding this tax year."

On June 21, 2017, the SO who was assigned to conduct petitioner's hearing sent him a letter acknowledging receipt of his Form 12153 and inviting him to participate in a telephone conference on July 19, 2017. The letter stated that petitioner had timely requested a CDP hearing with respect to the 2013 and 2014 taxable years, advised him of the types of issues that he could raise during the hearing, and proposed an installment agreement to resolve his unpaid tax liabilities. The letter also acknowledged petitioner's request for review of a personal statement of conscience and requested that he clarify the issues he intended to raise during the hearing. Additionally, the letter requested that petitioner provide

specified information to the SO within 14 or 21 days, depending on the issues he wished to discuss.

Petitioner replied to the SO by letter dated July 2, 2017. In that letter, petitioner stated that he "did not request a Collection Due Process Hearing" and "did not request a hearing concerning tax year 2014." Petitioner explained that his "submission of IRS Form 12153 on April 7, 2017 was a request for an Equivalent Hearing concerning tax year 2013. Item 7 is clearly marked." He further explained that he believed his request "complie[d] with the regulatory requirement" for requesting an equivalent hearing because it "was made within the one year period commencing the day after the date of the CDP levy notice (March 10, 2017)". Petitioner therefore asked the SO to revise her previous letter to reflect that petitioner had requested an equivalent hearing addressing only the 2013 taxable year. He informed the SO that the date and time of the telephone conference could "be re-established when * * * [her] written communication ha[d] been corrected and re-issued", and that he would be available for such a conference during the last week of July and the first week of August.

In a followup letter dated July 20, 2017, the SO acknowledged that petitioner had the right to decline a hearing with respect to the 2014 taxable year but stated that she would treat his request for a hearing with respect to 2013 as a

timely request for a CDP hearing rather than as a request for an equivalent hearing. The SO also advised that petitioner had not provided a valid reason (in her view) to reschedule the telephone conference and had not been available when she called him for the conference as scheduled on July 19, 2017. The SO further noted that petitioner had not provided any of the information she had requested in her previous letter. She therefore requested that petitioner provide, within two weeks from the date of the followup letter, any other information he wanted her to consider in making her determination. Additionally, the SO invited petitioner to contact her by telephone if he had any questions.

Petitioner responded to the SO's followup letter by letter dated July 26, 2017. He repeated his argument that he had established his eligibility for an equivalent hearing by submitting a "request for an Equivalent Hearing [which] was dated and postmarked on April 7th and * * * delivered on April 10th", i.e., within the one-year period beginning on the day after the date of the levy notice. Petitioner also objected to the SO's "attempt to conduct a CDP hearing on July 19th concerning tax years 2013 and 2014", and he repeated his request that the SO "re-establish a telephonic conference date and time for an Equivalent Hearing concerning tax year 2013". Petitioner added that he would "then send * * * a written statement of information for incorporation into the hearing record."

Appeals thereafter sent petitioner a notice of determination dated September 15, 2017. The notice of determination explained that because the levy notice had been issued via certified mail on March 10, 2017, and petitioner's Form 12153 was postmarked within 30 days thereafter, on April 7, 2017, petitioner had timely requested a CDP hearing. The notice of determination further explained that the CDP hearing addressed only the 2013 taxable year because petitioner had clarified that he did not want a hearing with respect to the 2014 taxable year. It concluded that the proposed levy for 2013 should be sustained on the grounds that: (1) the SO had verified that the applicable requirements of law and administrative procedure had been satisfied; (2) petitioner had not provided any information for the SO to consider, offered a collection alternative, disputed the underlying liability, or raised any other issues; and (3) in view of petitioner's failure to pursue collection alternatives, the proposed levy balanced the need for efficient collection with petitioner's concern that collection action should be no more intrusive than necessary.

Petitioner filed a timely petition for review of the notice of determination in which he alleged that, despite his efforts to request an equivalent hearing for 2013, he received a notice of determination relating to a CDP hearing. He further averred that one week after the unconsummated July 19 telephone conference, he requested

that the SO reschedule the conference. Although respondent made no affirmative allegations in his answer to the petition and a reply thereto was accordingly neither required nor authorized by our Rules, see Rules 30, 37(b), petitioner nevertheless filed a reply to the answer. Therein, petitioner clarified that his position is that the notice of determination is invalid because respondent conducted a CDP hearing even though petitioner had properly requested an equivalent hearing.

At trial petitioner explained that he had requested an equivalent hearing so that he could present to Appeals his views on the morality of paying Federal income tax but without the possibility of subsequent Tax Court litigation[5] or a fine.[6] He

_____

[5]This is the third CDP case petitioner has brought before the Tax Court. In both of the previous cases, the Court held that petitioner had made frivolous conscientious objection arguments. See Ruhaak v. Commissioner, T.C. Dkt. No. 1714-14L (Dec. 22, 2014) (order and decision), aff'd per order, 116 A.F.T.R.2d 2015-5913 (7th Cir. 2015); Ruhaak v. Commissioner, T.C. Dkt. No. 27423-08L (Aug. 6, 2010) (order and decision), aff'd, 422 F. App'x 530 (7th Cir. 2011). In the more recent case the Court imposed a $5,000 penalty on petitioner under sec. 6673(a)(1), and the Court of Appeals ordered an additional $750 sanction against him for filing a frivolous appeal.

[6]Although petitioner's testimony and the other materials in the record are not clear on this point, it appears that one reason petitioner might have desired an equivalent hearing may have been to avoid the $5,000 penalty under sec. 6702(b) for making a "specified frivolous submission". The penalty applies to a CDP hearing request if any portion of the request "is based on a position which the Secretary has identified as frivolous" or "reflects a desire to delay or impede the administration of Federal tax laws." Sec. 6702(b)(2)(A), (B)(i). However, the IRS will not impose the sec. 6702(b) penalty when a taxpayer has not timely requested a CDP hearing and has instead requested an equivalent hearing. See Internal

(continued...)

conceded that he was aware that it is well settled that taxpayers may not object to the payment of Federal income tax on moral grounds.

Petitioner also offered into evidence his written statement of conscience,[7] which was admitted without objection to supplement the administrative record.[8]

---

[6](...continued) Revenue Manual (IRM) pt. 5.1.9.3.16(1) (Feb. 7, 2014) (current version at IRM pt. 5.1.9.3.15(1) (Aug. 27, 2021)).

[7]Petitioner clarified that while he might not have submitted an identical statement of conscience if he had received an equivalent hearing, the statement he would have submitted would have expressed the same principles set forth in the statement he offered into evidence.

[8]The scope of our review in CDP cases is not confined to the administrative record (under what is commonly referred to as the record rule) except in cases appealable to the Courts of Appeals for the First, Eighth, and Ninth Circuits where the underlying tax liability is not at issue. See Robinette v. Commissioner, 123 T.C. 85, 95 (2004), rev'd, 439 F.3d 455 (8th Cir. 2006); Richlin v. Commissioner, T.C. Memo. 2020-60, at *12-*13, aff'd, 859 F. App'x 772 (9th Cir. 2021); see also Gyorgy v. Commissioner, 779 F.3d 466, 473 (7th Cir. 2015) (declining to decide whether the Tax Court properly considered evidence outside the CDP hearing record where neither party objected to its consideration of such evidence). Because petitioner resided in Illinois when he filed the petition, this case is presumptively appealable to the Court of Appeals for the Seventh Circuit, see sec. 7482(b)(1)(G)(i), and our review is not confined to the administrative record.

Even in cases where the record rule applies, however, courts may supplement the administrative record in certain circumstances, including when additional information is necessary to evaluate whether an administrative agency considered all relevant factors in reaching its determination. See San Luis & Delta-Mendota Water Auth. v. Locke, 776 F.3d 971, 992-993 (9th Cir. 2014) (explaining that reviewing courts may consider extra-record evidence under the "relevant factors" exception to the record rule in order to understand whether an agency action was arbitrary or capricious, but not to question the wisdom or

(continued...)

The statement explains that petitioner believes he "must resist the payment of federal income taxes to the government of the United States of America" because it "coerces and compels all taxpayers to support the killing of human beings." In particular, the statement notes that petitioner objects to paying for governmental involvement in abortion, capital punishment, warfare, and the production of weapons.

## OPINION

### I. Administrative Hearing for Proposed Levy and Judicial Review

Section 6301 empowers the Secretary to collect the taxes imposed by the internal revenue laws. To further that objective, Congress has provided that the Secretary may effect the collection of taxes by, among other methods, levies. See Living Care Alts. of Utica, Inc. v. United States, 411 F.3d 621, 624-625 (6th Cir.

---

[8](...continued)
correctness of the action); Kasper v. Commissioner, 150 T.C. 8, 25-26 (2018) (finding supplementation of the administrative record appropriate under the "relevant factors" exception where the IRS did not consider information that a whistleblower brought to its attention in a claim form); Kreit Mech. Assocs., Inc. v. Commissioner, 137 T.C. 123, 130-132 (2011) (admitting an expert report to supplement a CDP hearing record under the "relevant factors" exception). Here, the SO was aware that petitioner wished to submit a statement of conscience, but she did not know whether it contained information relevant to her determination because petitioner did not actually submit it for her review. Accordingly, to ensure that the SO's review of the proposed levy accounted for all relevant factors, we would conclude that the statement of conscience should be admitted to supplement the administrative record even if the record rule applied in this case.

2005). Section 6331(a) authorizes the Secretary to levy upon property or property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment are made. When the Secretary pursues collection by levy, he must notify the affected taxpayer in writing of his or her right to a CDP hearing for review of the proposed levy with an impartial officer or employee of Appeals. Sec. 6330(a) and (b).

The Secretary may provide the notice by delivering it in person, leaving it at the taxpayer's dwelling or usual place of business, or sending it by certified or registered mail, return receipt requested, to the taxpayer's last known address. Sec. 6330(a)(2); sec. 301.6330-1(a)(1), Proced. & Admin. Regs. When (as here) the notice is mailed on the same date printed on the notice, the taxpayer may request a CDP hearing during a statutorily established 30-day period following the mailing date of the notice. See sec. 6330(a)(2) and (3), (b)(1); Ramey v. Commissioner, 156 T.C. 1, 2-3 (2021); Weiss v. Commissioner, 147 T.C. 179, 187-191 (2016), aff'd per curiam, 121 A.F.T.R.2d 2018-1853 (D.C. Cir. 2018); see also sec. 301.6330-1(b)(1), (c)(1), Proced. & Admin. Regs. Regulations also provide that a taxpayer who fails to timely request a CDP hearing may instead request a similar administrative hearing, called an "equivalent hearing", within the one-year period following the mailing date of the written levy notice. Sec. 301.6330-1(i)(1),

(2), Q&A-I7, Q&A-I9, Proced. & Admin. Regs.; see also Ramey v. Commissioner, 156 T.C. at 9-10; Weiss v. Commissioner, 147 T.C. at 188; Craig v. Commissioner, 119 T.C. 252, 257-259 (2002).

A key difference between a CDP hearing and an equivalent hearing is that the Tax Court has jurisdiction, pursuant to section 6330(d)(1), to review a notice of determination issued by Appeals following a CDP hearing if a timely petition for review is filed, but the Court generally lacks jurisdiction to review a decision letter issued by Appeals following an equivalent hearing. See Ramey v. Commissioner, 156 T.C. at 9-11; Weiss v. Commissioner, 147 T.C. at 188; Craig v. Commissioner, 119 T.C. at 257-259. In addition, a timely request for a CDP hearing suspends the running of certain limitations periods (e.g., the section 6502 limitations period on collection of assessed taxes) while the hearing and any subsequent appeals are pending, see sec. 6330(e)(1); sec. 301.6330-1(g)(1) and (2), Q&A-G1, Proced. & Admin. Regs., whereas those limitations periods continue to run during an equivalent hearing, see Weiss v. Commissioner, 147 T.C. at 188; sec. 301.6330-1(g)(2), Q&A-G2, (i)(2), Q&A-I3, Proced. & Admin. Regs.

Petitioner argues[9] that because the one-year period established by regulation for requesting an equivalent hearing necessarily includes the 30-day period for requesting a CDP hearing, a taxpayer who makes a hearing request within that 30-day period may request an equivalent hearing instead of a CDP hearing. We disagree.[10]

A. Time Periods for Requesting a CDP Hearing or an Equivalent Hearing

The rules governing CDP hearings, including the 30-day period for requesting such a hearing, are established by statute. See sec. 6330(a)-(c); Ramey v. Commissioner, 156 T.C. at 2-3, 8-9; Weiss v. Commissioner, 147 T.C. at 187-188; Craig v. Commissioner, 119 T.C. at 257-258. Regulations provide further guidance on the application of the statutory framework. See Ramey v. Commissioner, 156 T.C. at 9; sec. 301.6330-1, Proced. & Admin. Regs. The regulations confirm that "[t]he taxpayer must request the CDP hearing within the

_____

[9]We did not direct the parties to file briefs in this case. However, petitioner's position on this issue is set forth in his response to respondent's motion for summary judgment, which we denied.

[10]We note that were petitioner's position correct that he was entitled to an equivalent hearing, we would presumably be obliged to dismiss this case for lack of jurisdiction in view of the fact that we generally lack jurisdiction to review any decision letter arising from an equivalent hearing--except where it contains a denial of relief under sec. 6015. See Craig v. Commissioner, 119 T.C. 252, 257-259 (2002).

30-day period commencing on the day after the date of the CDP Notice."[11]  Sec. 301.6330-1(b)(1), Proced. & Admin. Regs.; see also id. para. (c)(1), (2), Q&A-C3. When the IRS sends a levy notice by certified mail on the same date printed on the notice, the 30-day period for requesting a CDP hearing begins on the day after the date the notice is mailed.  Weiss v. Commissioner, 147 T.C. at 189-191; see also Ramey v. Commissioner, 156 T.C. at 9; sec. 301.6330-1(a)(3), Q&A-A9, Proced. & Admin. Regs. ("Notification properly sent to the taxpayer's last known address * * * is sufficient to start the 30-day period within which the taxpayer may request a CDP hearing.").

If the 30-day period for requesting a CDP hearing ends on a Saturday, Sunday, or legal holiday, the end of the period for requesting a CDP hearing is extended until the next succeeding day that is not a Saturday, Sunday, or legal holiday.  See sec. 7503; sec. 301.6330-1(c)(2), Q&A-C4, Proced. & Admin. Regs.; see also Ramey v. Commissioner, 156 T.C. at 9-10, 10 n.9; Weiss v. Commissioner, 147 T.C. at 189; sec. 301.6330-1(c)(3), Example (1), Proced. & Admin. Regs.  In addition, if the CDP hearing request is delivered to the proper

_____

[11]A "CDP Notice" for purposes of the regulations includes a notice advising a taxpayer of the IRS' intent to levy on the taxpayer's property or rights to property and of the taxpayer's right to a pre-levy CDP hearing.  See sec. 301.6330-1(a)(1), Proced. & Admin. Regs.  The levy notice that petitioner received in this case was such a notice.

recipient via U.S. mail after the end of the 30-day period, but was postmarked before the end of the period, it is treated as having been delivered on the date of the postmark. See sec. 7502(a); Weiss v. Commissioner, 147 T.C. at 189; sec. 301.6330-1(c)(2), Q&A-C4, Proced. & Admin. Regs.

Unlike the rules governing CDP hearings, the rules applicable to equivalent hearings are not established by statute. See Craig v. Commissioner, 119 T.C. at 258. Equivalent hearings are instead governed by "regulations implementing Congressional intent as gleaned from * * * [the legislative] history" of section 6330. See id. Those regulations explain that, to obtain an equivalent hearing, "[a] taxpayer must submit a written request for an equivalent hearing within the one-year period commencing the day after the date of the CDP Notice issued under section 6330." Sec. 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs.; see also id., Q&A-I9 ("All taxpayers who want an equivalent hearing must request the hearing within the one-year period commencing the day after the date of the CDP Notice issued under section 6330.").

B. Timeliness of Petitioner's Hearing Request

Petitioner requested a hearing concerning the proposed levy at issue in this case before the expiration of the 30-day period for requesting a CDP hearing. The IRS properly sent the levy notice to petitioner by certified mail on March 10, 2017.

The 30-day period for requesting a CDP hearing therefore began on the following day, March 11, 2017, and normally would have ended on April 9, 2017 (as the levy notice stated). But because that day was a Sunday, the period within which petitioner could request a CDP hearing did not end until the next day, April 10, 2017. Petitioner admitted in his July 26, 2017, letter to the SO that his Form 12153 was postmarked on April 7, 2017, and was delivered to Appeals on April 10, 2017. The Form 12153 was thus a timely request for a CDP hearing in that it was both postmarked and delivered before the expiration of the statutory period for requesting a CDP hearing.

Petitioner contends, however, that because he checked the box on his Form 12153 to request an equivalent hearing, it also served as a timely written request for an equivalent hearing that was submitted "within the one-year period commencing the day after the date of the CDP Notice" as provided in section 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs.[12] He therefore argues that the

_____

[12]The complete text of sec. 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs., is as follows:

Q-I7. When must a taxpayer request an equivalent hearing with respect to a CDP Notice issued under section 6330?

A-I7. A taxpayer must submit a written request for an equivalent hearing within the one-year period commencing the day after the date of the CDP Notice issued under section 6330. This period is slightly

(continued...)

SO should have granted his request for an equivalent hearing instead of concluding that he had timely requested a CDP hearing.

We might be persuaded by petitioner's argument if we were to read section 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs., in isolation. When construing a regulation, however, "we do not just look at the words or phrases in isolation, but rather we read th[o]se words and phrases in their context". See Shea Homes, Inc. v. Commissioner, 142 T.C. 60, 100 (2014) (citing FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133 (2000)), aff'd, 834 F.3d 1061 (9th Cir. 2016). That context includes the governing statute and the entire scheme of regulations issued thereunder. See id. at 100-101. In addition, our interpretation of a regulation must "give effect to its plain and ordinary meaning unless doing so would produce absurd or unreasonable results." See Union Carbide Corp. v. Commissioner, 110 T.C. 375, 384 (1998).

In this case petitioner relies on an explanatory question and answer appearing in section 301.6330-1(i)(2), Proced. & Admin. Regs., which sets forth a

---

[12](...continued)
different from the period for submitting a written request for an equivalent hearing with respect to a CDP Notice issued under section 6320. For a CDP Notice issued under section 6320, a taxpayer must submit a written request for an equivalent hearing within the one-year period commencing the day after the end of the five-business-day period following the filing of the NFTL [notice of Federal tax lien].

series of "questions and answers [that] illustrate the provisions of * * * paragraph (i) [of section 301.6330-1]". We therefore must construe section 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs., in the context of the referenced provisions of paragraph (i). Paragraph (i) provides in relevant part: "A taxpayer who fails to make a timely request for a CDP hearing is not entitled to a CDP hearing. Such a taxpayer may nevertheless request an administrative hearing with Appeals, which is referred to * * * as an 'equivalent hearing.'" Sec. 301.6330-1(i)(1), Proced. & Admin. Regs. (emphasis added). The phrase "[s]uch a taxpayer" limits the class of taxpayers who may request an equivalent hearing to those described in the immediately preceding sentence, that is, those who "fail[] to make a timely request for a CDP hearing". In other words only those taxpayers who fail to timely request a CDP hearing are eligible to request an equivalent hearing. Logically, a taxpayer cannot yet have failed to make a timely request for a CDP hearing before the 30-day period for requesting a CDP hearing has expired. Paragraph (i)(1) of section 301.6330-1, Proced. & Admin. Regs., thus renders a taxpayer ineligible to request an equivalent hearing during that 30-day period. In that context, section 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs., merely explains that once the 30-day period ends and a taxpayer becomes eligible to request an equivalent hearing, the taxpayer must make any request for

an equivalent hearing within the remainder of the one-year period commencing on the day after the date of the levy notice.

Since petitioner mailed and the Appeals Office received his Form 12153 within the 30-day period (as extended by section 7503) for requesting a CDP hearing under section 6330, he was not eligible under the plain text of section 301.6330-1(i)(1), Proced. & Admin. Regs., to request an equivalent hearing. We therefore hold that petitioner's request for a hearing made before the expiration of the 30-day period following the mailing date of the levy notice necessarily triggered a CDP hearing and not an equivalent hearing.[13] The SO properly granted petitioner a CDP hearing and, at the conclusion of the CDP hearing, Appeals properly issued him a notice of determination.

## II. Review of the SO's Determination

Because petitioner timely filed a petition for review of the notice of determination, we have jurisdiction to review it. See sec. 6330(d)(1). During a CDP hearing the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The taxpayer may also raise during the hearing any relevant issue relating to the unpaid

---

[13]This result is consistent with our holding in Andre v. Commissioner, 127 T.C. 68 (2006), that a CDP hearing with respect to a levy notice is available only to taxpayers who request it during the 30-day period provided in sec. 6330(a)(2) and not where the request is made before that 30-day period.

tax or the proposed levy, including appropriateness of the collection action and offers of collection alternatives, sec. 6330(c)(2)(A); sec. 301.6330-1(e)(1), Proced. & Admin. Regs., and may challenge the existence or amount of the underlying tax liability, but only if he or she did not receive a notice of deficiency with respect to the liability or otherwise have an opportunity to dispute it, see sec. 6330(c)(2)(B).

In determining whether to sustain the proposed collection action, the Appeals officer is required to take into consideration: (1) whether the requirements of applicable law and administrative procedure have been met; (2) any relevant issues raised by the taxpayer; and (3) whether the proposed collection action appropriately balances the need for the efficient collection of taxes with the taxpayer's legitimate concerns that the collection action be no more intrusive than necessary. Sec. 6330(c)(3); Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

We generally review only those issues that the taxpayer properly raised during the CDP hearing and in the petition for review of the notice of determination. See Rule 331(b)(4); LG Kendrick, LLC v. Commissioner, 146 T.C. 17, 34 (2016), aff'd, 684 F. App'x 744 (10th Cir. 2017); Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Lunsford v. Commissioner, 117 T.C. at 185-186; Goza v. Commissioner, 114 T.C. 176, 183 (2000); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Where the validity of the underlying

tax liability is not properly at issue, the Court will review the Appeals officer's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. at 181-182. Petitioner did not raise a challenge to the underlying tax liability for the year at issue during the CDP hearing, so we review the SO's determination for abuse of discretion.

We construe petitioner's pleadings to allege that because he was unavailable on the date the SO set for the telephone conference, the SO abused her discretion by declining to reschedule it. Under the circumstances, however, we find that the SO's refusal to reschedule the telephone conference was not an abuse of discretion. Petitioner's correspondence with the SO is readily interpreted as imposing a precondition to his participation in the telephone conference--namely, that the SO redesignate the CDP hearing as an equivalent hearing. But the SO had no authority to do so because, as we explained supra Part I.B, petitioner was not eligible to request an equivalent hearing under the applicable regulations. Since the SO had no authority to satisfy the precondition petitioner placed on his participation in the telephone conference, it was reasonable for her to conclude (as she did) that petitioner had not provided a valid reason to reschedule it.

Even if we were to disregard petitioner's attempt to impose an unlawful precondition to his participation in the telephone conference and instead were to

interpret his correspondence with the SO as merely requesting a short postponement of the conference, we still would not find that the SO's refusal to reschedule the conference was an abuse of discretion. Petitioner made clear in his correspondence with the SO and in his Form 12153 that the sole purpose of the telephone conference--and of the entire hearing--was to afford him an opportunity to submit his statement of conscience to the SO. However, the statement of conscience consisted entirely of frivolous positions that would have had no impact on either petitioner's underlying tax liability or the SO's review of the proposed levy.

During a CDP hearing a taxpayer is precluded from raising positions that the Secretary has identified as frivolous. See secs. 6330(c)(4)(B), 6702(b)(2), (c). The Secretary has identified as frivolous any position the same as, or similar to, an argument that "[a] taxpayer may lawfully decline to pay taxes if the taxpayer disagrees with the government's use of tax revenues", see Notice 2010-33, sec. III(1)(h), 2010-17 I.R.B. 609, 609, or that a taxpayer has a constitutional right to refuse payment of taxes "based on religious or moral beliefs" or based on "religious or other objections to military spending", see id. sec. III(9)(a), (g), 2010-17 I.R.B. at 610. The conscientious objection arguments set forth in petitioner's statement of conscience--all of which relate to his opposition to the use of his tax

dollars to fund governmental expenditures for military programs and other purposes that he finds morally objectionable--were therefore frivolous. Petitioner was accordingly precluded from advancing those arguments during the CDP hearing.[14] As a result, petitioner's statement of conscience could not have affected the SO's determination even if, by rescheduling the telephone conference, she had provided petitioner an additional opportunity to submit it for her consideration. The SO's decision not to reschedule the telephone conference was therefore, at most, harmless error. See Perkins v. Commissioner, 129 T.C. 58, 70-71 (2007) (finding harmless a possible error that could not have affected the outcome of a CDP hearing because the taxpayer raised only frivolous and groundless arguments); Lunsford v. Commissioner, 117 T.C. at 188-189 (finding it neither

---

[14]We anticipate that Appeals officers will in future cases summarily dispose of similar frivolous arguments as precluded under sec. 6330(c)(4)(B). See also Buczek v. Commissioner, 143 T.C. 301, 307-309 (2014) (discussing circumstances under which Appeals may, pursuant to sec. 6330(g), disregard the portions of a hearing request that are based on positions the Secretary has identified as frivolous). We also observe that because Appeals officers are directed to consider the same issues during equivalent hearings that they would consider during CDP hearings, see sec. 301.6330-1(i)(2), Q&A-I2, Proced. & Admin. Regs., frivolous conscientious objection arguments presumably may be summarily disposed of during equivalent hearings as well. The IRM advises that "Appeals may disregard any portion of a CDP or EH [equivalent hearing] request" that "[i]s based on a frivolous position which the Service has publicly identified as such". IRM pt. 8.22.5.5.3(1)(a) (Nov. 8, 2013). It further states that a taxpayer is not entitled to either a CDP hearing or an equivalent hearing if the taxpayer's entire hearing request is frivolous. See id. pt. 8.22.5.5.3(2).

necessary nor productive to remand a CDP case for consideration of meritless arguments).

The administrative record otherwise establishes, and petitioner has not disputed, that the SO complied with all section 6330(c) requirements applicable to her review of the proposed levy. We accordingly conclude that the SO did not abuse her discretion in determining that the proposed levy should be sustained.

III. Section 6673 Penalty

In view of the fact that the Court has previously sanctioned petitioner under section 6673(a)(1), see supra note 5, and respondent warned in his pretrial memorandum that he would seek a section 6673 penalty if petitioner advanced any frivolous arguments, we consider whether such a penalty is also appropriate in this case. Section 6673(a)(1) provides that the Tax Court may impose a penalty not exceeding $25,000 against any taxpayer who advances a frivolous or groundless position in proceedings before it or who institutes such proceedings primarily for delay. The principal position that petitioner advanced in this case is that he was entitled to an equivalent hearing (rather than a CDP hearing) because he had made the request "within the one-year period commencing the day after the date of the CDP Notice" as provided in section 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs. As our preceding discussion illustrates, this position was not frivolous

because section 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs., when read in isolation, was susceptible of the interpretation petitioner placed on it. We therefore will not impose a section 6673 penalty on petitioner in this case.

We nevertheless admonish petitioner that instituting future proceedings before the Tax Court for the purpose of advancing frivolous arguments relating to his conscientious objection to the payment of Federal taxes is likely to result in the imposition of a significant section 6673 penalty against him. We recognized four decades ago that "there has been a long and undeviating parade of cases in this and other courts" rejecting the arguments of conscientious objectors who sought to avoid paying "the part of their taxes which they estimated to be attributable to military expenditures and to which they objected because of their religious, moral, and ethical objections to war and because of their claimed 'rights' under various constitutional provisions, the Nuremberg Principles, international law, and numerous international agreements and treaties." Greenberg v. Commissioner, 73 T.C. 806, 810 (1980). At this late date, the Court will not condone the continued assertion of similar frivolous positions in meritless litigation that wastes both its own limited resources and those of the IRS.

IV. Conclusion

Petitioner timely requested a CDP hearing for review of a proposed levy to collect unpaid income tax for his taxable year 2013. On the basis of that timely hearing request, the SO properly conducted a CDP hearing, rather than an equivalent hearing, and Appeals thereafter issued a notice of determination to petitioner which sustained the proposed levy. Finding no abuse of discretion, we will sustain Appeals' determination.

To reflect the foregoing,

Decision will be entered for respondent.